## SHAW & MOREHOUSE *vs.* MOSER.

The return upon a justice's summons, in these words, " Personally served true copies of the within by reading," properly dated and signed by the constable; *Held*, evidence of a good service under sec. 15, p. 389, R. S.

Taking an appeal under the act of 1849, p. 101, regulating appeals, is not such an appearance in the cause as waives an objection to the jurisdiction of the court over the person of the appellant.

One of two defendants appealed from the judgment of a Justice rendered upon default, and afterwards in the appellate court both defendants jointly plead, and there was a trial on the merits. *Held*, that the objection that the appeal was taken by one defendant only, if otherwise valid, was waived by such joint plea and trial.

Error to Wayne Circuit.

*Davidson & Holbrook*, for plaintiffs in error.

*Wells & Cook,* for defendant in error.

By the Court, JOHNSON, J.

This was an action of assumpsit originally tried before a Justice of the Peace. The plaintiffs in error, who were the defendants below, did not appear before the Justice, and judgment was rendered against them.

Shaw, one of the defendants below, appealed to the County Court, and one of the special causes of appeal set out in his affidavit, was that the Justice below acquired no jurisdiction over the defendants by reason of the insufficiency of the return of the constable upon the original summons, which said return was in the following language, viz: "Personally served true copies of the within by reading," dated and properly signed by the constable.

After the cause was appealed to the County Court, and after a continuance thereof, it was brought to a hearing before the County Judge, upon the above question so raised by the affidavit. The language of the record is, "It was brought to a trial upon the error alleged in the affidavit for appeal, for defect of service of summons appearing on the return thereof, and the same having been heard by the Court, it is considered that said judgment be not reversed by reason of said error."

After this decision of the County Court, the cause was elected to the Circuit Court for trial by the defendant in error; and after its removal into the Circuit Court the plaintiffs in error filed their joint plea of the general issue to the declaration of the defendant in error, and upon that issue the cause was tried, and judgment again rendered against the plaintiffs in error.

The errors assigned are substantially as follows:

First. That the Justice (for the reasons above stated) acquired no jurisdiction over the defendants.

Secondly. That the County Court erred in not reversing said judgment upon such question of jurisdiction, and

Thirdly. That the Circuit Court had no jurisdiction over this cause, for the reason that the appeal was taken by Shaw alone, and not by both of the defendants in the Court below.

We will proceed to examine these questions in their order.

*First.* Does the return show a proper service of the original summons upon the defendants below.

The Revised Statutes of 1846, page 389, § 15, provides that "summons should be served by reading the same to defendant and (if required by him) delivering a copy thereof."

"*Personally served*" has been held in the State of New York under similar statute to be evidence of a good service (*Legg* vs. *Stillman*, 2 *Cow.* 418.) In that case, the motion to dismiss before the Justice was overruled, and the Court upon certiorari sustained the decision.

So it was held in the case of Bromley *et al. vs.* Smith, 2 Hill, 517. That was an action of debt upon a Justice's judgment. The entry upon the docket showed a similar *return.* It was objected that, inasmuch as the defendant did not appear, such a return was not sufficient to give the Court jurisdiction; but the Court held otherwise.

From these authorities it would appear then that "personally served" would be a good return. It "recognizes," says the Court, in the case first cited, "*a summons served by reading it to the defendant.*"

What is the language of the return in the case before us? "*Personally served true copies of the within by reading.*" The fair import of the language is, we think, that he "personally served the within by reading and true copies." At all events we think it sufficiently appears that he read the summons to the defendants, and that is sufficient.

It is true, this return is inartistically drawn, but we are not to apply the strict grammatical rules of construction in determining upon the fair import and meaning of a constable's return. The records of proceedings before a Justice should be certain to a common intent, and *that* is all that is required.

The counsel for the plaintiffs has cited the case of Campau *vs.* Fairbanks, 1 Mann. Mich. R. 151, as decisive in this case. That case arose under the statute of 1833, page 194, which required that a summons should be served by "*reading the same to the defendant, and by delivering a copy thereof*"— clearly distinguishable from the present statute in *this:* the *one* required unconditionally the delivery of a copy; the *other* upon the condition only that the defendant should require it.

The return in *that* case was, "*served the within by reading personally,*" and clearly no inference could be drawn from such a return that the officer had delivered a copy, as was required by the statute, and especially as he had attempted to specify the manner of service.

We think, therefore, that this case is not in point, and cannot be regarded as an authority in favor of the plaintiffs.

This likewise disposes of the second error assigned ; that the County Court erred in not reversing said judgment on the insufficiency of said return, for it appears from the record that *that* was the only question submitted to and decided by the Court.

It was insisted on the argument that the plaintiffs in error waived any right they might have had to take exceptions to the insufficiency of the return upon the summons, by taking an appeal ; that such an act was eqvivalent to a general appearance in the cause ; and also that such question could not be raised by an appeal, but that if the plaintiffs wished to avail themselves of that question, they were driven to a certiorari ; that as this question did not present an issue of law for the decision of the Court, the effect of an appeal would simply authorize that Court to try the cause upon its merits.

But the view that we have taken of this case dispenses with the necessity of deciding these questions.

It would seem, however, that the decision of the former question would depend upon that of the latter.

If the office of an appeal is simply to try the cause upon

its merits, then it would not be unreasonable to say that the plaintiffs in error waived any objection to the jurisdiction of their persons by such an act, and such seems to be the purport of the authorities. (*Malone* vs. *Clark*, 2 *Hill*, 657; *Woods* vs. *Randall*, 5 *Hill*, 264.)

If, on the other hand, the act of 1849, p. 101, regulating appeals, be so construed as to authorize the appellate court to hear and decide all questions of law raised in the court below, preliminary to hearing the cause on the merits, then we think that taking an appeal would not be such an appearance in the cause as to waive the objection, and for the purpose of this cause it is sufficient to say, that this being a jurisdictional question, we have no doubt of the authority of the County Court to entertain and decide the question presented to him for consideration in this case.

The only remaining question then is, whether the Circuit Court acquired by the appeal in this case, any jurisdiction to try the same.

It is assigned for error, and was insisted on the argument, that inasmuch as the appeal in this case was taken by Shaw alone, and not by both the plaintiffs in error, that the Circuit Court acquired no jurisdiction to try the cause. It will be remembered that this objection was not raised in the Circuit Court. Shaw appealed the case to the County Court, brought the cause to hearing upon a question of law, then filed his election to have it tried in the Circuit Court; and there both the plaintiffs in error, without any objection, filed their joint plea of a general issue to the defendant's declaration, and proceeded to the trial of the cause upon its merits.

It must be observed that in deciding this question we are not reviewing any decision of the court below, but only deciding the question of jurisdiction. No motion was made in the Court below to dismiss the appeal by either party, and one of the plaintiffs who now seeks a reversal of this judgment, was the appellant himself, who there sought a trial of

his cause upon the merits, and now wishes to avoid the result. Such a proceeding has the merit of novelty, if nothing more, and we will proceed to examine it.

In the case of Kain *vs.* Gradon, (6 *Blackf's. R.* 138,) cited by plaintiffs in error, the Court held that an appeal taken by one of the several defendants was irregular. In that case the appeal was from a Justice of the Peace to the Circuit Court, in which Court a motion was made by the appellee to dismiss. Sullivan, J., said:

"The Circuit Court erred in overruling the motion to dismiss the appeal. There is no reason why appeals shall be distinguished from writs of error, and in cases of the latter description it is settled by repeated adjudication, that on a judgment against several defendants, a writ of error must be brought in all of their names if they are still living and aggrieved by the judgment," citing Cro. Eliz. 648; id. 892; 1 Strange, 233; id. 606; 3 Burr, 1783. "If it were not so," continues the Judge, " every defendant might bring a writ of error or take an appeal by himself, and by that means prevent the plaintiff from having the benefit of his judgment."

It is not then a want of jurisdiction of the appellate Court to try the cause, but the practical difficulty and inconvenience that would arise from such a rule. Admitting then this to be the law, it has no application to the case before us. That case decides that such an appeal is irregular, in view of the consequences which would follow. They were reviewing the decision of the Circuit Court, and they say that Court ought to have dismissed the appeal at the instance of the appellee.

In the case before us we are reviewing *no such decision.* The Court below *made* no decision upon the point—the appellee expressly waived the objection. The appellants not only waived it, but were themselves the occasion of this irregularity (if any) which they now seek to avoid.

But for example, let us suppose that this irregularity goes

to the jurisdiction of the Court, and the reason of the rule be based upon the want of jurisdiction, not of the subject matter, because that could not be. The whole cause goes up, the whole issue is *there*; it is indivisible, but based upon the want of jurisdiction of the parties, upon the principle that the appellants, like plaintiffs, must do some act by which they submit themselves to the jurisdiction of the Court. Suppose this be the reason of the rule, and we apply it to the plaintiffs in this case; what then? Why, simply that they have done this very thing; they went into Court, filed their plea, asked and obtained a trial of their cause upon the merits, and now ask this Court to relieve them from the consequences. This we think we cannot do.

In this view of the case it becomes unnecessary to decide upon the effects of an appeal taken by one of the several defendants or plaintiffs to a cause. That right is expressly upheld by the later decisions of the State of New-York. See People *ex rel.* Cross *vs.* Judges of Onondaga Com. Pleas, 7 Cow. R. 493; People *ex rel.* Meech *vs.* Judges Yates Com. Pleas, 1 Wend. 90; Bates and others *vs.* Conklin, 10 Wend. 389.

The judgment of the Circuit Court must be affirmed.