SUPREME COURT.

THE PEOPLE *ex rel.* WILLIAM WILLIAMS, plaintiff in error, agt. REYNOLDS BIGELOW, defendant in error.

The *appeal*, given by the 351st section of the Code, is a mere substitute for the *certiorari* provided by the Revised Statutes for bringing up the judgments of justices' courts in civil actions, for review. (2 *Sand. S. C. R.* 634.)

The provisions of the Code have no application to the proceedings provided for by the 10th title, 8th chapter, part 3, of the Revised Statutes, (2 *R. S.* 512,) in relation to summary proceedings to recover the possession of lands, except the proceedings provided for in the 2d and 12th titles of that chapter. (1 *Selden*, 383.)

The term "*civil cases*," in the 351st section of the Code, (which provides for the review of justices' judgments,) is synonymous with the term "actions," as used in section one of the Code, in contradistinction to the term "special proceedings."

By the first section of the act of 1849, (*Sess. Laws*, 1849, *p.* 292,) the 28th section of the 10th title of chap. 8 of part 3, (2 *R. S.* 512, *supra*,) is so amended as to give justices of the peace concurrent jurisdiction with the other officers mentioned in that section, in *all cases* arising under it. The 5th section gives an *appeal* to the county court, for the purpose of removing the proceedings before justices of the peace under this title to the county court. And the decision of the county judge is to be an affirmance or reversal of the judgment of the justice, and to be *final*. The court has no power, upon a reversal of the justice's judgment, to restore a party to the possession of which he has been deprived by such erroneous judgment.

The remedy by *appeal* given by the act of 1849, and the writ of *certiorari* given

by the 47th section of the 10th title of the Revised Statutes, are concurrent remedies, to which the party aggrieved may resort at his option in all cases. These summary proceedings are given, and the officer acquires jurisdiction between those only who stand in the *conventional* relation of *landlord and tenant;* and not between those who become such by operation of law; as in a contract for the conditional sale and purchase of real estate, where the purchaser makes default in payment, and, having possession, holds over after notice and demand. The relation of landlord and tenant must exist by a *lease* or *demise* of the property.

*Geneva General Term, Sept.,* 1854.

*Present,* MARVIN, P. J.; BOWEN & GREENE, JJ.

THIS was a summary proceeding, instituted by the defendant in error, under the provisions of the 28th section of article 2 of the 18th title of chapter 8, part 3, of the Revised Statutes. (2 *Vol., p.* 512.)

On the 18th day of July, 1853, the defendant in error made an affidavit before J. C. PAUL, a justice of the peace, stating that on the 1st day of May, 1851, he let the plaintiff in error enter and take possession of the premises in question, by virtue of an agreement entered into between the parties on that day, by which the defendant in error agreed to convey the premises to the plaintiff in error when he should pay the sum of $325, in several payments, the whole to be paid by the 15th day of May, 1853; and, in the meantime, the plaintiff in error to have the possession of the premises; but, in case of his failure to pay any of the payments mentioned in the agreement, the defendant in error had the right to declare the covenants therein contained void; that the plaintiff in error had failed to perform the covenants contained in the agreement, by neglecting to pay the sum due on the first day of May, 1853; that on the 10th day of June, 1853, the defendant in error declared the agreement void by a notice served for that purpose; that the plaintiff in error refused to pay the sum due on the contract, or any part thereof, and still held over and continued in possession of said premises, against the will and permission of defendant.

Upon this affidavit the justice issued a summons, commanding the plaintiff in error to remove from the premises forthwith, or show cause on the 20th day of July, 1853, why the posses-

sion should not be delivered. The plaintiff in error failed to appear, and on the return day of the summons the justice gave judgment, that he be removed from the premises, and for costs, and issued a warrant for his removal accordingly. The plaintiff in error sued out a *certiorari*, and removed the proceedings into this court.

A. SAWIN, *for plaintiff in error.*

W. C. JOHNSON, *for defendant in error.*

By the court—GREENE, Justice. It is insisted by the defendant in error, that the writ of *certiorari* given by § 47 of the landlord and tenant act, (2 *R. S., p.* 516,) for the purpose of reviewing proceedings under that statute, is superseded by the 351st section of the Code, and that the 2d sub. of the 5th section of chapter 198 of the laws of 1849, (*Sess. L., p.* 292,) provides a remedy in place of that writ in such cases. By the last section it is provided that the proceedings before a justice of the peace, upon whom jurisdiction is conferred in such cases, *may* be removed by appeal to the county court of the county, in the same manner, and with the like effect, and upon like security, as appeals from the judgments of justices of the peace in civil actions, except that the decision of such county judge shall be an affirmance or reversal of such judgment, and shall be final.

It is further provided by this section, that in case of such appeal, in order to stay the issuing of such warrant or execution, the tenant, in case of an appeal by him, shall give security for the payment of all rent accruing or to accrue upon said premises subsequent to the said application to said justice.

The appeal given by the 351st section of the Code, is a mere substitute for the *certiorari* provided by the Revised Statutes, for bringing up the judgments of justices' courts in civil actions, for review. (*Whitney* agt. *Bayard,* 2 *Sand. S. C. R.* 634.) The provisions of the Code have no application to the proceedings provided for by chapter 8 of the 3d part of the Revised Statutes, (by which the proceedings in question are given,) except the

proceedings provided for in the 2d and 12th titles of that chapter. (1 *Selden's Rep.* 383.)

The term "*civil cases,*" in the 351st section of the Code, is synonymous with the term "actions," as used in § 1 of the Code, in contradistinction to the term "special proceedings." This construction is rendered still more apparent by the act of 1849, the 5th section of which, so far as it provides for an appeal from the judgments or determinations of justices of the peace in these proceedings, was wholly unnecessary, if the 351st section of the Code was applicable to these proceedings. That section provides that all statutes then in force, providing for the review of judgments in civil cases, rendered by courts of justices of the peace, &c., and regulating the practice in relation to such review, are repealed; and that, "hereafter, the only mode of reviewing such judgments shall be by an appeal, *as prescribed by this chapter.*" If this section had been applicable to these proceedings, there was certainly no need of making further provision for the review of the decisions of justices of the peace, in such cases, in the act of 1849—which gave them jurisdiction over these proceedings. If the provisions of the Code were applicable at all, they gave a perfect remedy, without further legislation.

The next question is as to the effect of the act of 1849. By the first section of that act, the 28th section of the 10th title of chapter 8 of the 3d part of the Revised Statutes is so amended as to give justices of the peace concurrent jurisdiction with the other officers mentioned in that section, in *all cases* arising under it.

I have already referred to the provisions of the 5th section, giving an appeal to the county court, for the purpose of removing the proceedings before justices of the peace under this title to the county court. By the 47th section of title 10, it is provided that the supreme court may award a *certiorari,* for the purpose of examining any adjudication made on any application thereby authorized; but the proceedings made on such application shall not be stayed or suspended by such writ, or any other writ or order of any court or officer.

The 48th section provides, that whenever such proceedings shall be reviewed by the supreme court, the court may award restitution to the party injured.

By the Revised Statutes, no security is required of the party prosecuting the writ of *certiorari;* and no stay of proceedings is given; but restitution is awarded to the tenant upon a reversal of the proceedings.

By the act of 1849, the party appealing is to give security for the costs of the appeal in every case ; and if the tenant desires a stay of proceedings, he must give security for the payment of the rent; and the decision of the county judge is to be an affirmance or reversal of the judgment of the justice, and to be final. The court has no power, upon a reversal of the justices judgment, to restore a party to the possession, of which he has been deprived by such erroneous judgment.

The practical consequence of the construction contended for by the defendant in error is, that a party, aggrieved by an erroneous judgment of a justice, who is unable to give the security required for a stay of proceedings, must submit to the judgment.

There can be no question that this writ lies to review and correct these proceedings, when taken before any other officer than a justice of the peace. Those officers, as we have seen, have jurisdiction in all cases arising under the 28th section of title 10. And I see nothing in either statute requiring a construction that would make the remedy of the aggrieved party, by review in the same class of cases, depend upon the officer before whom the proceedings were commenced. On the contrary, I think the remedy by appeal given by the act of 1849, and the writ of *certiorari* given by the 47th section of the 10th title of the Revised Statutes, are concurrent remedies, to which the party aggrieved may resort at his option in all cases.

The next question is as to the sufficiency of the affidavit to give the justice jurisdiction of this proceeding. The case made by the affidavit is simply this :—The parties entered into a contract, by which the defendant in error agreed to sell the premises in question to the plaintiff in error, and to convey them,

upon his paying the stipulated purchase money according to the terms of the contract. The plaintiff in error to have possession of the premises, and the defendant in error to have the right to rescind the contract upon default of payment. The plaintiff in error made default in his payments, and the defendant in error gave him notice that he should consider the contract at an end.

The affidavit states that the plaintiff in error refuses to pay the purchase money, and remains in possession, or holds over, without the permission, and against the will, of the defendant in error.

On this state of facts there is not even a colorable pretence for treating Williams as the tenant of Bigelow, within the meaning of that term as used in the statute. These summary proceedings are given between those only who stand in the *conventional* relation of landlord and tenant, and not between those who become such by operation of law, except in the cases specially provided for, and specified in the statute.

That part of the statute under which these proceedings were commenced, " only extends to cases where the relation of landlord and tenant has been created by a lease or demise of the property." (*Per* BRONSON, J., in *Sims* agt. *Humphrey*, 4 *Denio*, 185 ; *Roach* agt. *Cosine*, 9 *Wend*. 227 ; *Evertson* agt. *Sutton*, 5 *Wend*. 281.) In this respect, the affidavit was wholly insufficient to give the justice jurisdiction.

The judgment of the justice should, therefore, be reversed, and restitution should be awarded to the plaintiff in error.