JOHN H. JOHNSON

*vs.*

ANTON KNOBLAUCH et al.

A defendant by appearing generally in a cause, waives his right to object to a defect in the service of the summons, or the return of service by the officer.

The sufficiency of a complaint in an action before a Justice of the Peace considered and determined.

This cause was commenced before a Justice of the Peace in Carver County. The complaint was as follows:

"The complaint of the plaintiff respectfully states and shows to this Court, that on or about the 23d day of September, A. D. 1866, he entered into a certain express verbal contract with the above named defendants Anton Knoblauch and Peter Thompson, by the terms of which the above named defendants ordered certain feet of lumber to be delivered at Carver, and agreed to pay for the said lumber; that on or about the 10th day of October, A. D. 1866, the plaintiff hired one Swan Swandson to bring said ordered lumber to Carver; that on said 10th day of October, the said S. Swandson did deliver said lumber to said defendants, being as follows:

Dimension stuff oak lumber 1½ 4 inch 400 feet at $25 per one thousand feet, - - - - - - - - - - - $10 00
Hauling the same 80 cents per 100 feet, - - - 3 20

Total, - - - - - $13 20

And the complaint further states and shows that said sum of thirteen dollars and twenty cents still remains due and unpaid, and that said defendants neglect and refuse to pay the same.

Wherefore said plaintiff demands judgment against defendants, for the sum of thirteen dollars and twenty cents, besides the costs of this action. "

The return to the summons (which was in usual form) was as follows: "I hereby certify that I personally served the within writ, by reading the same to the within defendants, the 30th day of September, A. D. 1867, and delivering a copy thereof. Arne Arnson, Constable, " &c.

Judgment was entered by default. The defendants appealed to the District Court for that county, on questions of law. The District Court affirmed the judgment, and the defendants appeal to this Court, insisting that the judgment should be reversed because the return of the officer does not show that the summons was served in Carver County, and the complaint does not state facts sufficient to constitute a cause of action.

Warner & Peck for Appellants.

Baxter & Sargent for Respondent.

*By the Court.*—McMillan, J.—The defendants by appearing generally in the action waived their right to object to a defect in the service of the summons, or the return of service by the officer.

The only remaining objection is that the complaint does not state facts sufficient to constitute a cause of action. The complaint states that an express contract was made between the plaintiff and defendants, by which the defendants or-

dered "certain feet of lumber" to be delivered at Carver, and agreed to pay for the same. It also appears that the plaintiff by his agent delivered at Carver 400 feet of lumber of a specific kind at $25 per thousand feet, together with $3.20 for hauling the same, amounting to $13.20; that the lumber delivered was the lumber ordered, and that the amount specified remains due and unpaid. The complaint is not accurately framed, but under the liberal rules of construction properly applied to pleadings before a Justice of the Peace, we think the allegations in the complaint are sufficient to sustain the judgment.

Judgment affirmed.