## A. N. CRAIGHEAD *vs.* D. C. MARTIN.

### May 2, 1878.

**Justice of Peace—Summons in Blank.**—A summons issued by a justice of the peace, in blank as to the return-day is void. The service and return of such a summons, with the blank filled by any person other than the justice, is insufficient to confer jurisdiction.

**Same—Appeal—What Errors Reviewable.**—An appeal from a judgment of a justice of the peace upon questions of law brings before the appellate court for review all errors of law, jurisdictional or otherwise, apparent upon the return of the justice, and properly excepted to where necessary. *Johnson* v. *Knoblauch*, 14 Minn. 16, commented on and explained.

The plaintiff, on January 18, 1877, obtained from a justice of the peace a summons against the defendant, in blank as to the return-day, filled the blank with the date February 2, 1877, and delivered it to an officer by whom it was served on the defendant on January 26, 1877. On February 2d, the defendant failing to appear, the plaintiff took judgment against him by default.

The defendant gave notice of appeal to the district court for Winona county, on questions of law alone, and filed the proper appeal papers with the justice, who allowed the appeal. The return of the justice to the district court showed a docket entry—"Summons issued January 18, 1877, returnable February 2, 1877, at one o'clock, P. M." On motion of the defendant, the district court required the justice to make an additional return, stating the facts as to the issuance of the summons. The justice, thereupon, made a further return showing that the summons was issued in blank as stated above. After argument in the district court, *Mitchell, J.*, on the authority of *Johnson* v. *Knoblauch,* 14 Minn. 16, ordered judgment of affirmance, which was entered, and the defendant appealed.

*Norman Buck* and *C. H. Berry,* for appellant.

*Lloyd Barber,* for respondent.

1. The statute does not require the justice entirely to fill up the summons, nor make it void unless all the blanks are filled up by the justice. It is enough that the blanks are all filled before it is delivered to the officer for service, and this delivery is usually made by the plaintiff or his attorney, who receives the summons from the justice, and who is not forbidden to insert the date of the return.

2. By appealing, the defendant voluntarily came into court, and submitted to the jurisdiction. *Johnson* v. *Knoblauch,* 14 Minn. 16; *Reynolds* v. *Packet Co.,* 10 Minn. 178; *Barnum* v. *Fitzpatrick,* 11 Wis. 81; *Lowe* v. *Stringham,* 14 Wis. 222; *Coad* v. *Coad,* 41 Wis. 22; *Ser* v. *Bobst,* 8 Mo. 506; *Haas* v. *Lees,* 18 Kans. 449; and, defendant having thus ap-

peared generally, it was immaterial whether the process issued was valid or not.   *Pixley* v. *Winchell,* 7 Cow. 366; *Maine Bank* v. *Hervey,* 21 Me. 45; *Zion Church* v. *St. Peter's Church,* 5 Watts & S. 217; *Easton* v. *Altum,* 1 Scam. 250; *Creighton* v. *Kerr,* 20 Wall. 8; *Anderson* v. *Coburn,* 27 Wis. 564; *Insurance Co.* v. *Swineford,* 28 Wis. 263; *Tyrrell* v. *Jones,* 18 Minn. 312; *Anderson* v. *Southern Minn. R. Co.,* 21 Minn. 30.

3. The district court must decide the case on the return of the justice.   There was no issue of law or fact raised before the justice, on the sufficiency of the summons or its service.   The question therefore could not be raised in the district court.   *Malone* v. *Clark,* 2 Hill, 658; *Wood* v. *Randall,* 5 Hill, 264.   The justice, in keeping his docket and making his return, acts under the sanction of his official oath.   The returns of a sworn officer are held to be conclusive on the parties, except in direct proceedings to impeach them, to which the officer is made a party.   *Frasier* v. *Williams,* 15 Minn. 291; *Tullis* v. *Brawley,* 3 Minn. 277.   The district court therefore erred in ordering a further return, for the defendant, in taking his appeal on questions of law only, must have known what would be the return on which the appeal must be heard; and having compelled a return for the purpose of having his appeal determined upon it, he should not be allowed to assail its truth by affidavit.   *Mahr* v. *Young,* 16 Wis. 635.

CORNELL, J.   No action can be instituted in a justice's court except by the usual process or the voluntary appearance and agreement of the parties.   Gen. St. *c.* 65, § 8.   In all cases not otherwise provided for, the first or usual process is a summons issued by the justice, the requisites of which are specifically prescribed by statute.   Gen. St. *c.* 65, §§ 10, 11.   Among the essential things which the summons must contain, is a statement of the time and place, when and where the defendant is required to appear before the magistrate, to answer in the action.   The designation of this time, within the statutory limits, is a matter solely for the deter-

mination of the justice, in the exercise of his judicial discretion. No one else can do it. It is also expressly provided that the summons, "shall be entirely filled up, and have no blank, either in date or otherwise, at the time of its delivery to an officer to be executed;" and if it is issued and delivered contrary to this requirement, it shall be void. Gen. St. c. 65, § 10. It affirmatively appears from the amended return of the justice in this case, that no return-day to the summons which was issued herein, was ever determined upon or designated by him, but, at the request of the plaintiff's attorney, said process was issued in blank as to such day, and was delivered to said attorney in that condition. On its return to the justice, with the officer's certificate of service endorsed, said blank bore the date of February 2, 1877. It is not shown by whom the blank was filled, nor is it material, as the fact is undisputed that it was not done by the justice. The summons thus issued was a nullity. No action was instituted by it, and its service and return gave the justice no jurisdiction over the person of the defendant, nor any authority to proceed in the action and render judgment.

There was no appearance by the defendant in the justice's court, unless the appeal taken by him to the district court, upon questions of law alone, is to be considered as having that effect. It is contended by plaintiff that, in bringing that appeal, defendant waived his right of objection to the jurisdiction of the justice over his person, inasmuch as it was equivalent in its effect to a voluntary appearance in the justice's court; and the correctness of this proposition is the main question presented for determination in this case. For the maintenance of this proposition we are referred to the case of *Johnson* v. *Knoblauch,* 14 Minn. 16, as an authority in point, decisive for plaintiff; and such seems to have been the conclusion of the learned court below. Considering the remarks of the court, in that case, concerning the effect of a general appearance, in connection with the reporter's statement of facts, it is not difficult to see how the court was

misled as to the real point there decided. The record in that case, on file in this court, does not show that the judgment of the justice was by default. It is silent upon the question whether the defendants there appeared before the justice or not. It does show, however, that upon the hearing of the appeal in the district court, the defendants contested the validity of the judgment of the justice, upon the sole ground of the insufficiency of the complaint; and that was the only point of the decision from which the appeal was taken to this court. It was in reference to this state of facts, and the ground upon which the contest was had in the district court, and not to the effect of the appeal, the suggestion was made that, "by appearing generally in the action, the defendants waived their right to object," in this court, "to a defect in the service of the summons, or the return of service by the officer." It is obvious that the point now before us was not in the mind of the court at that time, nor was the question necessarily involved in the decision ; for should it be conceded that the defendants did not, in that case, waive their jurisdictional objection to the judgment, by invoking the jurisdiction of the district court to determine its validity upon the sufficiency of the complaint alone, it is quite clear that there was no ground upon which the objection could have been sustained, as the return of personal service by the officer, being in strict conformity with the requirements of the statute, gave the justice complete jurisdiction over the persons of the defendants. The doctrine here contended for, then, finds no support in the case cited. The sole purpose of the appeal in this case was to bring before the district court, for review, the proceedings in the justice's court, to the end that the judgment which was rendered therein might be annulled and set aside, because of want of jurisdiction in the justice to render it. It would seem too plain for argument that such an act, which in itself is a denial of all authority in the justice, can not be regarded as a voluntary appearance and express recognition of his authority.

Prior to the act of March 2, 1865, (Laws 1865, c. 22,) our statutes, like those of New York before the adoption of the code, provided two remedies for obtaining relief from an erroneous judgment of a justice of the peace. The one was by a *certiorari*, the other was by an appeal. The former was a writ issued out of the appellate court and directed to the inferior court, commanding it to return a full record or transcript of the proceedings before it complained of, for inspection and examination, to the end that any and all errors of law appearing upon the face of the return might be reviewed and corrected. It is apparent that the suing out of this writ was not an appearance of any kind in the lower court whose proceedings were thus sought to be made the subject of review; nor was it an appearance in the appellate court, such as waived any right of objection founded upon a want of jurisdiction in the inferior court, or upon any error of law committed in its exercise. The whole scope and purpose of the proceeding was to reach and remedy all errors and defects of either character discoverable upon the face of the return, and such was the uniform practice in considering the judgments and proceedings of justice's courts, whenever brought under review by means of this writ.

The remedy by an appeal was of an entirely different character. Its office was simply to remove a case into the appellate court for the purpose of a retrial upon the merits, the same as though it had been originally commenced therein, and irrespective of any errors of law committed by the justice, either in assuming jurisdiction without lawful authority, or in its improper exercise where rightfully obtained. The very object of the appeal being to secure such a retrial, it was not allowable to the appellant to defeat it by interposing an objection, which, if sustained, would oust the appellate court of its jurisdiction. Hence the doctrine, applicable to appeals of this kind, that the act of bringing the appeal is a general appearance in the action in the appellate court, and that it precludes the appellant from raising any questions affecting

the jurisdiction of the inferior court. *Barnum* v. *Fitzpatrick,* 11 Wis. 81; *Lowe* v. *Stringham,* 14 Wis. 222; *Shaw* v. *Moser,* 3 Mich. 71; *Malone* v. *Clark,* 2 Hill, 657; *Wood* v. *Randall,* 5 Hill, 264.

In the change of practice which was effected by the act of March 2, 1865, while this latter remedy was substantially retained in the provision allowing an appeal upon questions of fact, there was substituted for the remedy by *certiorari* that of an appeal upon questions of law alone, which was designed to serve the same purpose and fulfil the like office. · *Williams* v. *Bigelow,* 11 How. Pr. 83; *Sperry* v. *Reynolds,* 65 N. Y. 179. The appeal before us, being of this latter character, must be treated as having the same scope, purpose and effect of the former remedy by *certiorari.* It brings before the appellate court for consideration and review all errors of law, jurisdictional or otherwise, apparent upon the return of the justice, and properly excepted to, where necessary; and such has been the ruling of this court in *Mattice* v. *Litcherding,* 14 Minn. 142, and *Rahilly* v. *Lane,* 15 Minn. 447.

It follows from these views that the question of jurisdiction raised in this case was properly before the district court, and not waived by any act of the defendant, and that the judgment which was rendered by the justice ought to have been set aside.

There is nothing in the point that the district court had no authority to require an amended return as to the truth or falsity of a docket entry, or to try the case upon such amended return as respects the fact stated in such entry.

Judgment reversed.