THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM HANNIGAN v. CHARLES D. INGERSOLL, Justice of Seventh District Court, AND MARY BEGEN.

*Lease made by a general guardian — his ward may recover rent falling due under, after he comes of age, and may institute summary proceedings.*

Whalen, the general guardian of one Davis, leased certain premises belonging to the latter to the relator for the term of one year from May 1, 1878. On December 4, 1878, Davis came of age.

*Held*, that a grantee of Davis, claiming under a deed executed subsequently to the termination of the lease, could institute summary proceedings against the relator as a tenant holding over after the expiration of his term.

*Semble*, that Davis was entitled to receive and collect the rents falling due on the lease after he came of age, and to institute summary proceedings to dispossess the tenant.

That his right so to do was not affected by the fact that he was indebted to his guardian for over-payments made to him, and that the latter had forbidden the tenant from paying the rent to him.

CERTIORARI to review summary proceedings for the removal of the relator from certain premises in the city of New York, as a tenant holding over after the expiration of his term. The district judge decided against and issued his warrant for the dispossession of the tenant.

Upon the hearing in the District Court the following facts were agreed upon by the parties. The relator, William Hannigan, tenant, hired the premises, for the possession of which this proceeding was brought, from John Whelan as landlord, on the 1st day of May, 1878, for the term of one year. John Whelan was at the time the general guardian of William J. Davis,

the owner of the fee of said premises. William J. Davis became twenty-one years of age on the 14th day of December, 1878. A short time thereafter the said John Whelan rendered his accounts as guardian of the said William J. Davis, by which accounts it appeared that the said William J. Davis was indebted to his guardian in the sum of $294.17 for advances made during the minority of the said William J. Davis, besides the guardian's commissions and the expenses of the final accounting, amounting in all to about $450. The account was disputed by the said William J. Davis, and was referred to an auditor for examination. The matter was heard before the auditor, and no part of the account was impeached; but the account was contested solely on the ground that the guardian had no legal right to make the advances made by him, and the auditor had decided that the account was correct, and that there was due to the said guardian from the estate of said William J. Davis the sum of $294.17, as stated in the guardian's account.

While the matter was awaiting decision John Whelan, the guardian, died.

The personal representatives of the guardian claimed a lien upon the rents and profits of the real estate of his ward for the amount which had been found due to the guardian. The guardian, in his life-time, directed the above-named tenant not to pay rent to the said William J. Davis until the said guardian had been paid the amount due to him as guardian, and directed the tenant not to attorn to the said William J. Davis, as landlord, and the said tenant has never attorned to or recognized the said William J. Davis, as landlord; but, on the contrary, on the 1st day of May, 1879, hired the premises in question from the said John Whelan, as landlord, from month to month.

The tenant has never recognized Mary Begen, the grantee of William J. Davis, as landlord, and has never attorned to her as such. Mary Begen's conveyance from William J. Davis was made and delivered May 21, 1869.

*John Hardy*, for the relator.

*James P. Campbell*, for the respondents.

BARRETT, J. :

It is well settled that to authorize these summary proceedings the conventional relation of landlord and tenant must be shown to exist, and not a tenancy created by mere operation of law. (*Benjamin* v. *Benjamin*, 5 N. Y., 383 ; *The People ex rel. Williams* v. *Bigelow*, 11 How. Pr., 83 ; *Roach* v. *Cosine*, 9 Wend., 227 ; *Sims* v. *Humphrey*, 4 Den., 185.) This conventional relation may be created by agreement, express *or implied*. (See opinion of SELDEN, J., in *The People* v. *Simpson*, 28 N. Y., 59.) Care must be taken to distinguish between a tenancy created by operation of law and an agreement implied by law from particular facts.

In the present case, the infant Davis was vested with the title to the land. The rents belonged to him, and whatever the guardian did was for his benefit. (*Porter* v. *Bleiler*, 17 Barb., 153.) He could maintain an action for use and occupation, although he had a general guardian. (Id.)

Undoubtedly the guardian had authority to rent during the infant's minority, but no longer. Whelan rented the premises to Hannigan for one year from the 1st day of May, 1878. Davis attained his majority on the 4th of December, 1878.

It seems, however, that Davis thereafter ratified Whelan's act, for he took no step in disaffirmance, permitted continued occupation and must have demanded the rent. We infer the latter from the fact that Whelan directed the tenant not to pay.

Be that as it may, Davis, *as landlord*, could have maintained an action on the lease for the rent accruing subsequent to his majority. The suit would of itself be an affirmance. In *Pond* v. *Curtiss* (7 Wend., 46), an action in the guardian's name, even after the ward had attained his majority, was sustained. This was under the rules governing *sealed instruments*, and upon the further ground, that there was nothing in the case to show that the suit was not actually brought *by the ward in the name of his guardian*, who executed the lease. There was not a suggestion that the ward could not have maintained the action in his own name. On the contrary, SUTHERLAND, J., observed that "where the suit is brought " in the guardian's name, " with the approbation of the ward and for his benefit, it is a question of form rather

than of substance ; " and again, " I perceive no objection, in principle, to *allowing the ward*, in a case like this, to enforce the covenant made for his benefit, in the name of his guardian. It is to be intended that the suit is brought for the benefit of the ward, and with his approbation, until the contrary is shown."

The guardian has no interest in the lands and nothing but a naked authority. His control is limited to the rents and profits, and that entirely ceases at the ward's majority.

Here the occupation by the tenant, with Davis' approbation, after the latter's majority, constituted between them the conventional relation of landlord and tenant. It was not a tenancy created by operation of law, but by and under the express agreement of May 1st, 1878.

That agreement was made on behalf of Davis and for his sole benefit. During his minority, the guardian was authorized to reduce the rent to possession. Thereafter, the ward was entitled to receive it directly and to so receive it *under the original agreement*. The operation of the law is not upon the creation of the tenancy, but upon the right to proceed directly under the agreement. Mary Begen as the assignee of Davis was authorized to institute summary proceedings.

There being nothing in any of the other points, the proceedings and judgment of the justice must be affirmed, with costs.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and BARRETT, J.

Proceedings and judgment affirmed.