LESLIE WELTER and another *vs.* S. P. NOKKEN.

May 1, 1888.

**Justice of Peace—Effect of Appeal on both Law and Facts.**—An appeal from a judgment of a justice of the peace upon both law and fact brings up the case before the appellate court for a trial *de novo* upon the merits, irrespective of errors or irregularities occurring in the course of the trial in the court below, or in the judgment rendered therein.

Appeal by defendant from a judgment of the district court for Clay county, where the action was tried before *Baxter*, J., and a jury.

*O. Mosness*, for appellant.

*Taylor & Greene*, for respondents.

VANDERBURGH, J. This is an action upon contract, brought in justice's court. The parties appeared, and the pleadings were duly filed, and the case was adjourned by consent from the 20th to the 22d day of February, 1886, for trial. On the adjourned day the defendant did not appear, but the plaintiff duly appeared, proceeded to trial, and judgment was rendered by the justice in his favor for the amount of his claim. Thereupon the defendant appealed upon both law and fact to the district court. When the case was called for trial in that court, the defendant moved to dismiss the action on the ground that the judgment of the justice was void because rendered on the 22d day of February, which motion being overruled, the case proceeded to trial and judgment in the district court. The only question presented on this appeal arises upon defendant's exception to the refusal of the district court to dismiss the action on the ground stated.

Whether the judgment of the justice was valid or unauthorized was a question not material to be considered in the appellate court, on an appeal upon questions of fact and law. The justice had jurisdiction of the parties and the subject-matter, and the appeal brought the case properly before the district court, which thereupon had jurisdiction to proceed with a trial *de novo* upon the merits, the same as though it had originally been commenced therein. Gen. St. 1878, c. 65, § 117; *Bingham* v. *Stewart,* 14 Minn. 153, (214.) The defendant, having procured a new trial by taking an appeal in this form, cannot raise questions as to the regularity of the proceedings on the former trial, or as to the validity of the judgment appealed from. *Craighead* v. *Martin,* 25 Minn. 41, 46. That judgment had been superseded when the defendant raised the question as to its validity. The defendant, if he had any meritorious grounds of appeal for legal errors, should have appealed upon questions of law only. Id. 47.

Judgment affirmed.