Filed October 1, 1891.

---

No. 281.

THE BALTIMORE AND OHIO RAILROAD COMPANY *v.* TESS.

JURISDICTION.—*Justice of the Peace.*—*Defective Summons.*—*Appeal to Circuit Court.*—*Effect of Appearance.*—Where a party has been sued before a justice of the peace, the service of the summons being defective, and judgment is taken by default, and the defendant files his appeal bond within the statutory period, and takes an appeal to the circuit court, such an appeal constitutes an appearance, and confers jurisdiction upon the circuit court over the defendant. It is a waiver of the defective summons, and it was proper for the circuit court to overrule the defendant's motion to quash the summons and dismiss the action.

From the Porter Circuit Court.

*J. H. Collins*, for appellant.

*E. D. Crumpacker* and *S. C. Spencer*, for appellee.

ROBINSON, J.—The only question raised on this appeal relates to the jurisdiction of the circuit court over the appellant in this action.

Appellee sued the appellant, before a justice of the peace, for damages occasioned by the injury of the appellee's horse while crossing appellant's railroad track on a public highway crossing that was, through the fault and negligence of the appellant, out of repair, and in a dangerous condition, etc.

Summons was issued to a constable, who served it on one Rectenwall, an agent of the appellant, in Porter county, more than ten days before the day set for trial.

The return of the constable was as follows: "Served by

reading to William Rectenwall, agent at Willow Creek, of said company, January 14th, 1890."

The appellant did not appear before the justice, and judgment was rendered against it by default, on proof of appellee's claim, for $100 and costs.

Afterwards, and within thirty days from the date of the rendition of the judgment, appellant appeared before the justice, filed its appeal bond, and took an appeal of said cause to the circuit court.

In the circuit court appellant appeared specially, and filed a motion in writing to quash the service of summons and dismiss the case, " because there was no sufficient service of summons upon the appellant before said justice of the peace; therefore, at the time of the trial of said cause said justice of the peace had no jurisdiction over said cause of action, or the appellant;" which motion the court overruled, and exception was taken.

Afterwards, the appellant failing to further appear, it was defaulted, and, upon a trial of the cause by the court, judgment was rendered in favor of the appellee, against the appellant, for $100 and costs.

The appeal to this court was taken from the circuit court, under section 630, R. S. 1881, upon the bill of exceptions only, and is in conformity to that section.

The only question presented to this court is under the one assignment of error, " that the circuit court erred in overruling the appellant's motion to set aside and quash the service of summons, and dismiss the action."

There is no disagreement between counsel that the return of service of the summons was defective, and that to have made the service good the return should have shown that the appellant had no higher officer or agent in Porter county than the agent on whom summons was served. Section 4039, R. S. 1881.

But the appellee contends that, although it may be con-

ceded that the return to the summons was defective and insufficient, and that by the return endorsed thereon the justice did not acquire jurisdiction of the case, the appellant having appeared before the justice after the rendition of the judgment, filed an appeal bond, and carried the case by appeal to the circuit court, such was an appearance, and thereby a waiver of the defective summons, and gave the circuit court jurisdiction of the case. There can be no question about the law, that cases appealed from a justice of the peace to the circuit court are tried *de novo,* and the effect of an appeal is to vacate and set aside the judgment of the justice.

The circuit court can not review the rulings of the justice of the peace, but must try the case anew upon its merits.

There is a wide distinction between appeals from a justice of the peace to the circuit court, where the cases are tried *de novo* upon their merits, and the rulings of the justice of the peace can not be reviewed, and appeals from courts of general jurisdiction to courts of exclusive appellate jurisdiction. In appeals from courts of general jurisdiction to courts of exclusive appellate jurisdiction, the appellant does not submit himself to the jurisdiction of the court. By the appeal he simply invokes the judgment of the appellate court upon the rulings of the trial court, but has no opportunity to try the case anew upon its merits.

In the case at bar the appellant filed its bond, conditioned that it would prosecute its appeal to effect and pay any judgment that might be rendered against it on such appeal. From the nature of such appeals, and the power of the circuit court to award judgment in such cases, regardless of the proceedings before the justice of the peace, taken in connection with the view we have expressed relating to them, there appears to be merit in the position of the appellee, that the appeal taken by appellant constituted an appearance, and conferred jurisdiction on the circuit court over the appellant.

This particular question has not heretofore been before the

Supreme Court.    There are some cases in which what constitutes an appearance is defined.

In *McCormack* v. *First Nat'l Bank, etc.,* 53 Ind. 466, it is said : " There must be some formal entry, or plea, or motion, or official act, to constitute an appearance ; and this should be of record, and tried by the record."

In *State, ex rel.,* v. *Ennis,* 74 Ind. 17, the court says : " Jurisdiction of the person can be acquired only by service of process, or by appearance, and on appeal it must be affirmatively shown by the record, that the person was duly served, or that the defendant appeared." This case cites *Hawkins* v. *Hawkins,* 28 Ind. 66, in which substantially the same language is used.    There are other cases decided by the Supreme Court to the same effect as those cited.

But, from an examination of these cases, it is clear that the question in this case was not involved ; that the point decided by the Supreme Court related to appeals from the circuit to the Supreme Court, and not to appeals from a justice of the peace to the circuit court.    The reason for the distinction between appeals from a justice of the peace to the circuit court, and courts of general jurisdiction to courts of exclusive appellate jurisdiction, we have heretofore shown, and it would seem that as the law is settled in cases appealed from a justice of the peace to the circuit court, such cases come up anew in the circuit court on their merits, and not to review errors of the justice ; that the taking of an appeal is equivalent to an appearance, and gives the circuit court jurisdiction over the person, whether the service of the process before the justice was sufficient for that purpose or not.

It was held in the case of *Fee* v. *Big Sand, etc., Co.,* 13 Ohio St. 563, under a statute similar to section 4039, *supra,* where the service of summons was made substantially in the same form as in this case, and jurisdiction was not acquired over the defendant by the service, and there was a judgment by default against the defendant, that " The cor-

The Baltimore and Ohio Railroad Company v. Tess.

poration, by appearing in court, and causing notice of its intention to appeal from the judgment, to be entered upon the record, thereby appeared in the action, and submitted itself to the jurisdiction of the court, and can not now be permitted, on error, to allege want of jurisdiction in the court."

The case of *Lowe* v. *Stringham*, 14 Wis. 241, is directly in point. The court says : " The object of an appeal in such cases is to try the case anew in the appellate court on its merits, and not to review errors of the justice. The taking of such appeal is equivalent to an appearance, and gives the appellate court jurisdiction over the person, whether the service of the process before the justice was sufficient for that purpose or not." The doctrine of this case, as to the nature and effect of an appeal from a justice of the peace, is sustained by *Barnum* v. *Fitzpatrick*, 11 Wis. 82 ; *Shaw* v. *Moser*, 3 Mich. 71 ; *Malone* v. *Clark*, 2 Hill, 657 ; *Wood* v. *Randall*, 5 Hill, 264 ; and other cases.

We have arrived at the conclusion that the appeal taken by the appellant in this case from the justice of the peace to the circuit court constituted an appearance and conferred jurisdiction upon the circuit court over the appellant; that, therefore, there was no error in overruling appellant's motion to quash the summons and dismiss the action.

The judgment is affirmed, at appellant's costs.

CRUMPACKER, J., was absent.

Filed Oct. 15, 1891.