EADES ET AL. *v.* LUCAS ET AL.

[No. 16,450. Filed November 7, 1939.]

*Rawley & Stewart,* and *Owen S. Boling,* for appellants.

*Stanley Stohr, Askren & Nicholas,* and *Craig & Craig,* for appellees.

BRIDWELL, J.—On the 14th day of December, 1937, one Willard Lucas, while engaged in mining coal, suffered fatal injuries by reason of an accident arising out of and in the course of his employment, and died as the result of such injuries on January 12, 1938. He left surviving and wholly dependent upon him for support, a widow, appellee Verna Lucas, and two minor children, the appellees Norman Burl Lucas and Shirley Mae Lucas. On July 18, 1938, his dependents, the said appellees, filed with the Industrial Board their

application for an adjustment of their claim for compensation against the appellants and the appellee Marshall Rex McCullough. This application was set for hearing before one member of the board, and during the course of said hearing, at the close of the evidence offered by the applicants, the board member entered the following order:

"The Board, on its own motion, now orders that the application for compensation filed by the plaintiffs on July 18, 1938, should be dismissed as to the defendant Nettie N. Eades."

The hearing of evidence was resumed and concluded. The hearing member made a finding which is in part as follows:

"Said hearing member . . . now finds that the application of the plaintiffs as to the defendant, Nettie Eades, should be dismissed, and further finds that the defendant, Curtis Eades, was an employee of the defendant Marshall Rex McCullough and that plaintiffs' decedent was not in the employ of the said defendant Curtis Eades, and further finds that plaintiffs' decedent was an employee of the defendant Marshall Rex McCullough, on and prior to the 14th day of December, 1937, at an average weekly wage, etc."

An award in favor of the applicants and against said McCullough followed. Within the time provided by statute, appellee Marshall Rex McCullough filed his application for a review of the award made by the hearing member, and thereafter the full Industrial Board, by a majority of its members, made its finding which, in so far as it need be set forth herein, is as follows:

"The full Industrial Board of Indiana . . . now finds by a majority of its members, that on and prior to the 19th day of August, 1937, the de-

fendant, Nettie Newton Eades, was the owner of certain real estate in Park County, State of Indiana, and that on the 19th day of August, 1937, the defendants, Curtis Eades and Nettie Newton Eades, entered into an option with the defendant, Marshall Rex McCullough, whereby the said Marshall Rex McCullough was granted an option for a period of 8 months to enter into a lease with said defendants, Eades and Eades, for the purpose of taking coal from the property owned by the said Nettie Eades.

"And the Full Industrial Board further finds, that said option was never converted into a lease, but that on the 19th day of August, 1937, the defendants, Eades and Eades and Marshall Rex McCullough began to operate under and by virtue of the terms and conditions of said option.

"Said Full Industrial Board further finds that at no time did the defendants, Eades and Eades, relinquish control and operation of the said mine to the defendant, Marshall Rex McCullough, and that at no time did the defendants, Eades and Eades, ever account to or pay over any of the profits of the coal taken from said property, to the defendant, Marshall Rex McCullough.

"Said Full Industrial Board further finds that from time to time the defendants Eades and Eades, employed men to operate and assist in the removing of the coal from said property and that on or about the 1st day of October, 1937, the defendant, Marshall Rex McCullough, relinquished all right or interest in the coal located on said property by abandoning the agreement of August 19, 1937.

"Said Full Industrial Board further finds by a majority of its members, that on the 14th day of December, 1937, the plaintiffs' decedent, Willard Lucas, was in the employ of the defendants, Eades and Eades, at an average weekly wage of more than $8.80 and less than $16.00 and that on said 14th day of December, 1937, plaintiffs' decedent received an accidental injury arising out of

and in the course of his employment, of which the defendants had knowledge, and by reason of which accidental injury plaintiffs' decedent departed this life on the 12th day of January, 1938, leaving surviving him as his sole and only dependents, Verna Lucas, his wife; a minor son of the age of 4 years, namely, Norman Burl Lucas, and a minor daughter of the age of 2 years, namely Shirley Mae Lucas, all of whom were living with and wholly dependent upon the said Willard Lucas, deceased, at the time of his demise.

"And the Full Industrial Board further finds, by a majority of its members, that the plaintiff should take nothing as against the defendant, Marshall Rex McCullough, on their Form No. 10 application, filed July 18, 1938."

The award was in accordance with the finding. Three days after the award, appellant Nettie Eades filed with the board her motion to modify the award. By this motion she sought (1) to have said board "recall, set aside and vacate" its award as to her; or (2) to modify and amend the award by making a finding that the claim of the plaintiffs against her was fully dismissed by the hearing member of the Industrial Board with the full knowledge and acquiescence of the plaintiffs and her codefendants, and without any objection or exception thereto on the part of any one, and that plaintiffs now take nothing as against her; or (3) that the award be set aside and vacated, and that the full Industrial Board refer the same to a hearing member authorized to hear testimony, and that he thereafter adjudicate her liability; or (4) that the full Industrial Board vacate its award, hear evidence, and thereafter adjudicate the liability of apellant. The motion contained 15 specifications, each of which embodied some reason relied upon as ground sufficient for the sustaining of such motion. The principle reasons summarized from the specifications of

the motion are, in effect, that the full board was without jurisdiction to make an award against her after the application as to her had been dismissed by the hearing member, on the board's own motion, during the trial of the cause, and at the close of the evidence offered by the applicants, in the presence and with the knowledge of all other parties to the proceedings, and without objection by any one; that after such dismissal, she was no longer a party, and thereafter "plaintiff took no action to bring this movant (?) back into the case, or present further evidence against her;" that she had no opportunity to present any evidence in her own behalf, and was "precluded from having her day in court." This motion was overruled. Appellants thereafter perfected this appeal, each separately and severally assigning as error that the award is contrary to law.

It is earnestly and plausibly contended that after the dismissal of the application as to appellant Nettie Eades, under the circumstances as disclosed by the record, the proceeding, so far as she was concerned, was terminated; that the award against her "is contrary to law because under the proceedings adopted and followed in this cause, she was denied a hearing and with it due process of law." We cannot sustain this contention. The provisions of our Workmen's Compensation Act relating to this subject-matter appear in §§ 58 to 61, inclusive, of the act (§§ 40-1509 to 40-1512 Burns' Ind. St. Anno. 1933) (§§16434 to 16437 Baldwin's 1934). From a consideration of these sections, it seems clear that any action of a hearing member is binding and conclusive only when there is no application for a review filed, as provided for by section 60. If such an application is duly filed, any action of the hearing member disposing of a controversy on its merits ceases to be ef-

fective for any purpose and leaves the status of the parties unchanged. In view of the statutory provisions, all parties to the proceeding are bound to know that a new finding and award to be made by the full board is necessary; that said board neither affirms nor reverses an award made by one member, but "shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives and witnesses, and make an award and file the same with the finding of the facts on which it is based . . . ." Where an application for review of an award by one member is filed, the application for compensation then stands for hearing before the full board, and is to be heard de novo. See *Peace* v. *Mann* (1928), 88 Ind. App. 101, 163 N. E. 282; *McGuire* v. *Universal Gear Company* (1939), 106 Ind. App. 107, 18 N. E. (2d) 474. There was no error in overruling the motion here involved.

The sufficiency of the evidence to sustain the finding of facts upon which the award is based is challenged.

It appears from the evidence that appellant Nettie Eades was the owner of certain real estate situate in Parke County, Indiana, upon which was located a coal mine which had been operated by others under a lease prior to August 19, 1937. It is also proved, without any conflict in the evidence relative to the facts, that on or about said August 19, appellee McCullough employed several men, including a "mine boss," and began operating said mine. There is also evidence to prove that a compensation insurance policy was procured in the name of appellee Marshall Rex McCullough, the premiums thereon being paid from time to time from proceeds derived from the sale of coal from said mine, which policy was in effect on the day of the accident resulting in the death

of said Willard Lucas; the money in payment of premiums was delivered to the agent of the insurance company by appellant Curtis Eades.

No dispute exists concerning the right of appellees, Lucas, Lucas and Lucas to an award of compensation. The important controverted question of fact for the determination of the board was: In whose employment was Willard Lucas at the time he suffered the accidental injuries which resulted in his death?

We have read the evidence. There is sufficient evidence from which the full board might have found (as the hearing member did) that he was employed by appellee Marshall Rex McCullough; there is also evidence sufficient, when considered together with reasonable inferences which might be drawn from facts proved, to sustain a finding that his employer was appellant Curtis Eades, but after a careful reading and consideration of all the evidence, we conclude it does not sustain that part of the finding of facts which is to the effect that ''on the 19th day of August, 1937, the defendants Eades and Eades and Marshall Rex McCullough began to operate under and by virtue of the terms and conditions of said option''; nor, ''that from time to time the defendants Eades and Eades employed men to operate and assist in the removing of coal from said property''; nor, ''that on the 14th day of December, 1937, the plaintiffs' decedent Willard Lucas was in the employ of the defendants Eades and Eades.''

There is an entire absence of evidence to prove that Nettie Eades had anything whatever to do with the operation of the mine. She is not shown to have ever participated in its management, either in person or through any agent appointed by her for that purpose. Appellee McCullough, while testifying as a witness,

in response to the question, "Did Mrs. Eades ever give any orders about who should be employed, or who should be discharged, or how the mine should be operated?" answered "No, not to my knowledge." This is the only evidence which relates to her connection with the mine, other than as a lessor. It is not shown, nor, from any facts proved, can it be reasonably inferred that there was ever any arrangement between her and any other person or persons whereby she was to receive any profits which might result, or share any losses which might be incurred from the operation of said mine. It is true that the evidence does show she was paid royalty on the coal removed from the mine, and further shows that when appellee McCullough would come to the Eades' home for the purpose of making the weekly pay roll, she would assist him and her husband with said work, but these facts are entirely insufficient to establish the fact that she at any time was one of the employers of the deceased, or engaged in operating the mine.

A finding necessary to a legal award must be based on something more than mere conjecture, surmise, or possibility.

Award reversed, with instructions for a rehearing on the application for compensation, and that further proceedings be consistent with this opinion.

Stephenson, C. J., and Laymon, J., dissent.