ACLS d/b/a NATIONS TRANSPORTA-
TION, and Mr. and Mrs. Bob Milu-
tinovic, Appellants–Defendants,

v.

George BUJAROSKI, Appellee–
Plaintiff.

No. 93A02–0811–EX–996.

Court of Appeals of Indiana.

April 30, 2009.

Rehearing Denied June 30, 2009.

Mark D. Gerth, Kightlinger & Gray, LLP, Indianapolis, IN, Attorney for Appellant.

Jeffrey S. Sturm, George C. Patrick & Associates, P.C., Crown Point, IN, Attorney for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

ACLS d/b/a Nations Transportation and Mr. and Mrs. Bob Milutinovic (collectively, "Nations") appeal the determination of the Indiana Worker's Compensation Board ("the Board") that George Bujaroski was an employee of Nations and thus entitled to certain worker's compensation benefits. We remand.

### Issue

Nations raises three issues for our review, the dispositive issue being whether

---

the full Board erred by purporting to affirm the decision of a single board member by a vote of less than the majority of the full Board.

## Facts and Procedural History

On January 12, 2000, George Bujaroski entered into a written "Lease of Motor Vehicle Equipment" ("the Lease") with Nations, a contract interstate motor carrier. Pursuant to the contract terms, Bujaroski agreed to lease his truck to Nations, and he agreed to drive or provide a driver to perform transportation services for Nations. The agreement identified Bujaroski as an "independent contractor[.]" Appellant's App. at 46. With regard to worker's compensation coverage, the agreement stated, "LESSOR will provide the LESSEE with proof of coverage of workman's compensation insurance, and failing to do so, will allow LESSEE to secure such coverage and charge back to settlement or the escrow account, for the total cost of such coverage." *Id.* On February 10, 2000, Bujaroski was involved in a four-vehicle accident while driving for Nations pursuant to the Lease. Bujaroski died as a result of injuries he suffered in the accident.

On November 20, 2000, Bujaroski's wife and daughter filed an application of adjustment of claim with the Board, naming "ACLS d/b/a Nations Transportation" as his employer. On April 16, 2003, they filed an amended application, also naming "Mr. and Mrs. Bob Milutinovic[.]" On December 6, 2007, by stipulation of the parties, this matter was submitted to Board member Gerald Ediger for a ruling based upon written evidence and depositions. On April 4, 2008, Ediger held that Bujaroski was an employee of Nations, that he died as a result of his work-related activity for Nations, and that Nations was obligated to pay worker's compensation death benefits.

On April 7, 2008, Nations filed an application for review by the full Board. On August 25, 2008, the full Board held a hearing on the case. On October 10, 2008, with one member abstaining, the full Board issued an order in which it purported to "affirm" and/or "adopt" Board member Ediger's prior opinion with a tie vote of three voting to affirm (including Ediger) and three voting to reverse. *Id.* at 210–11. This appeal ensued.

## Discussion and Decision

Nations contends that the full Board's order is not valid because it involves a tie vote and that, pursuant to the Worker's Compensation Act, the single Board member's decision is no longer effective. Bujaroski, on the other hand, argues that it would require a majority of the full board to "overturn" the initial decision and that "[t]his did not happen and as a result the underlying decision is thereby approved." Appellee's Br. at 8.

Nations cites several cases in support of its position. In *Allison v. Wilhite,* this Court held that "it is not necessary that all of the five members participate in a hearing before the full board, as long as there is a majority of the members of the full board participating and concurring in both the finding and award." 106 Ind.App. 16, 22, 17 N.E.2d 874, 876–77 (1938). A year later, we decided *Eades v. Lucas,* 107 Ind. App. 144, 23 N.E.2d 273 (1939). In *Eades,* we referred to Sections 40–1509 to 40–1512 of the Worker's Compensation Act—which remain (with very minor changes) in today's Indiana Code at Sections 22–3–4–6 to 22–3–4–8.

Indiana Code Section 22–3–4–6 states as follows:

The Board by any or all of its members shall hear the parties at issue, their representatives and witnesses, and shall determine the dispute in a summary manner. The award shall be filed with the record of proceedings, and a copy

thereof shall immediately be sent to each of the employee, employer, and attorney of record in the dispute.

Indiana Code Section 22–3–4–7 states as follows:

> If an application for review is made to the board within thirty (30) days from the date of the award made by less than all the members, the full board, if the first hearing was not held before the full board, shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives, and witnesses as soon as practicable and shall make an award and file the same with the finding of the facts on which it is based and send a copy thereof to each of the parties in dispute, in like manner as specified in [Ind.Code § 22–3–4–6].

Indiana Code Section 22–3–4–8 states, in pertinent part, as follows:

> (a) An award of the board by less than all of the members as provided in [Ind.Code § 22–3–4–6], if not reviewed as provided in [Ind.Code § 22–3–4–7], shall be final and conclusive. With reference to these statutes, we held in *Eades:*

> From a consideration of these sections, it seems clear that any action of a hearing member is binding and conclusive only when there is no application for a [full Board] review filed.... If such an application is duly filed, any action of the hearing member disposing of a controversy on its merits ceases to be effective for any purpose and leaves the status of the parties unchanged. In view of the statutory provisions, all parties to the proceeding are bound to know that a new finding and award to be made by the full board is necessary; that said board neither affirms nor reverses an award made by one member, but "shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives and witnesses, and make an award and file the same with the finding of the facts on which it is based * * * *" Where an application for review of an award by one member is filed, the application for compensation then stands for hearing before the full board, and is to be heard de novo.

*Eades,* 107 Ind.App. at 149–50, 23 N.E.2d at 276.

Similarly, in *Russell v. Johnson,* 220 Ind. 649, 655, 46 N.E.2d 219, 221 (1943), our supreme court held: "A review by the full board is on the merits and is not for errors. The hearing is *de novo* as to all parties to the proceeding and the award of the full board supersedes for all purposes the award of the hearing member."

Therefore, pursuant to Indiana's statutes and caselaw, it is clear that when the full Board accepted Nations's application for review, the single Board member's opinion was vacated.[1] The full Board's review was de novo. It was Bujaroski's burden to prove to the full Board that he was entitled to compensation under the Worker's Compensation Act. *See Triplett v. USX Corp.,* 893 N.E.2d 1107, 1116 (Ind. Ct.App.2008), *trans. denied* (2009). Bujaroski failed to carry this burden, as demonstrated by the full Board's tie vote. Therefore, we remand to the Board for action pursuant to its options consistent with this opinion.

Remanded.

BRADFORD, J., and BROWN, J., concur.

---

1. Similarly, many years ago, cases appealed from a justice of the peace to the circuit court were tried de novo, and the effect of an appeal was to vacate and set aside the judgment of the justice. *See Baltimore & O.R. Co. v. Tess,* 2 Ind.App. 507, 28 N.E. 721 (1891).