## FEULNER v. RITTER.

[No. 15,724. Filed July 2, 1936.]

*F. Wendell Lensing,* for appellant.

*Slaymaker, Merrell & Locke* and *James V. Donadio,* for appellee.

WIECKING, J.—This is an appeal from an award of the full Industrial Board. The appellant filed an application before the Industrial Board of Indiana claiming compensation for temporary total disability by reason of an accident arising out of and in the course of his employment as janitor for the appellee, Sacred Heart Church. The matter was heard before a single member of the board on December 12, 1935, and resulted in a finding and award in favor of appellant. The appellees filed an application for review by the full Industrial Board. A hearing was had on January 27, 1936, at which only three members of the Board, including the original hearing member, were present, two members of the board being absent by reason of illness. On February 8, 1936, the full Industrial Board by the said three members made and entered an award denying compensation to appellant on the ground that his temporary total disability was not the result of the accident in question. This final award was signed by the three members who were present at the hearing but not by the

two members who were absent. The appellant appeared at the hearing on January 27, 1936, by his attorney, and made no objection to the hearing before the three members. On February 17, 1936, the appellant filed an application for the vacation of the award, made by the full Industrial Board on February 8, 1936, on the ground that the hearing on January 27, 1936, was not conducted by the full Industrial Board as required by Section 40-1511, Burns' Indiana Statutes Annotated 1933 (§16436, Baldwin's 1934). This application was denied February 20, 1936. On March 9, 1936, appellant filed his record in this court assigning as error the following:

"1. That the final award of the full Industrial Board of Indiana, made by a majority of its members on February 8, 1936, is contrary to law.

"2. That the order of the Industrial Board of Indiana, made by its Chairman on February 20, 1936, denying the petition of the plaintiff filed on the 17th day of February, 1936, is contrary to law.

"3. That the award of the full Industrial Board of Indiana, made on February 8, 1936, is not supported by sufficient evidence."

The first assignment of error above is sufficient to present all questions in this cause. The evidence introduced at the hearing is not set out in the briefs so no question on the sufficiency of the evidence to support the award of the Full Industrial Board is presented.

The only question presented to this court is whether or not less than five members of the Industrial Board may sit as the full Industrial Board to review an award made by a single member. Appellant in the argument in his brief presents the question as follows:

"Again let us repeat that the primary question of this appeal is that submitted by the first assignment of error. The question of interpreting and construing the meaning of the words 'the Full Board' in Section 60 of the Acts of 1929, page 536. Upon the favorable decision of this question our case depends."

The award of the full Industrial Board complained of, omitting the formal parts, is as follows:

"Be it remembered that the above styled cause came on for hearing before the Full Industrial Board of Indiana on the 27th day of January, 1936, upon the defendant's application to review an award entered of record by a hearing member of said Board on the 12th day of December, 1935.

\* \* \* \*

"And said full Industrial Board, consisting of three members, two members being absent by reason of illness, having heard the arguments of counsel, having reviewed the evidence in said cause and being thereby duly advised in the premises, now finds that the plaintiff was on and prior to June 15, 1934, in the employ of the defendant at an average weekly wage of more than $8.80 and less than $16.00. That on said 15th day of June, 1934, plaintiff sustained an accidental injury while in the employ of the defendant. That said accidental injury did at no time become disabling. And said majority members of the Industrial Board further finds that the disability of which plaintiff complains in his application for the adjustment of claim for compensation, filed with the Industrial Board on the 15th day of November, 1934, was not the result of the accidental injury sustained by plaintiff on or about the 15th day of June, 1934, while in the employ of the defendant."

"ORDER

"It is therefore considered and ordered by the Industrial Board of Indiana, by a majority of its members, that plaintiff shall take nothing by reason of his application for the adjustment of claim for compensation, filed with the Industrial Board of Indiana on the 15th day of November, 1934."

The section of the Workmen's Compensation Law of Indiana providing for review of awards by the full Industrial Board is Section 40-1511, Burns' Indiana Statutes Annotated 1933 (§16436, Baldwin's 1934), which is as follows:

"40-1511. Review of evidence or hearing by full

board. If an application for review is made to the board within seven (7) days from the date of an award, made by less than all the members, the full board, if the first hearing was not held before the full board, shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives and witnesses as soon as practicable and shall make an award and file the same with the finding of the facts on which it is based and send a copy thereof to each of the parties in dispute, in like manner as specified in the last foregoing section."

It is the appellant's contention that the full Industrial Board can not act in the absence of a member on account of sickness or otherwise, but that the business of the board must remain at a standstill pending the recovery or death of the member. He does admit that in case of a vacancy fewer than five can act. His theory is untenable and repugnant to the rules for construction of statutes. That a board or commission composed of three or more members might be confronted by this very situation was recognized as early as 1852, by the passage of one of the sections of the act with regard to the construction of statutes. Clause 2 of Section 1-201, Burns' Indiana Statutes Annotated 1933 (§5, Baldwin's 1934), being Section 1 of Chapter 17, 2 R. S. 1852, is in part as follows:

"1-201. Statutes, how construed. The construction of all statutes of this state shall be by the following rules, unless such construction be plainly repugnant to the intent of the legislature or of the context of the same statute: . . .

"Second. Words importing joint authority to three or more persons shall be construed as authority to a majority of such persons, unless otherwise declared in the law giving such authority."

We see no reason why this section should not apply to the Act here under consideration. It would indeed be a strained construction to decide that the General Assembly of Indiana in 1929 did not intend the Act of 1852, setting out the rules for construction of statutes,

to apply in construing the amendment to the Workmen's Compensation Law.

We see nothing in the statute here under consideration which would make such construction impossible. Such construction is neither repugnant to the intent of the legislature nor to the context of the statute itself.

The final award of the full Industrial Board is affirmed.