ALLISON *v.* WILHITE.

[No. 16,205. Filed December 19, 1938.]

*Gilbert W. Butler* and *Charles W. Foley,* for appellant.

*John E. Sedwick* and *Kivett & Kivett,* for appellee.

LAYMON, J.—The appellant filed his application with the Industrial Board for compensation under the Workmen's Compensation Act, alleging, among other things, that on the 10th day of September, 1935, he received personal injuries to his right foot, by reason of an accident arising out of and in the course of his employment with appellee, which resulted in total permanent disability; and that appellee had knowledge of the accident. To this application appellee filed an answer in three paragraphs: first, general denial; second, that at the time of receiving the injuries complained of appellant was an agricultural employee; and, third, that at the time of receiving the injuries alleged appellant was a casual laborer. Upon the issues thus joined the cause was first submitted for hearing before a single member who found for appellee and denied appellant compensation. Upon review before the full board the following award, omitting the formal parts, was made:

"And the full Industrial Board having heard the argument of counsel, having reviewed the evidence, and being duly advised therein, now finds that the plaintiff, Charles Allison, was in the employ of Sherman Wilhite, the defendant herein, on September 10, 1935, at an average weekly wage in excess of $8.80 and not more than $16.00. That on September 10, 1935, plaintiff received personal injuries by reason of an accident arising out of and in the course of his employment of which the defendant, Sherman Wilhite, had knowledge; that as a result of said accidental injury plaintiff was totally disabled up to June 1, 1936; that plaintiff's temporary disability ended and did end on or prior to June 1, 1936; that as a result of the accidental injury of September 10, 1935, plaintiff has sustained a forty

per cent permanent partial impairment to his right leg below the knee.

"And the full Industrial Board further finds by a majority of its members for the defendant on plaintiff's application for the adjustment of a claim for compensation filed March 2, 1936; that at the time of plaintiff's accidental injury he was engaged in agricultural pursuits and was an agricultural employee.

## "ORDER

"It is therefore considered and ordered by the full Industrial Board of Indiana by a majority of its members that plaintiff shall take nothing by his complaint herein and that he shall pay the costs of this proceeding.

"Dated this 26th day of February, 1938.

"THE FULL INDUSTRIAL BOARD OF INDIANA.

"By: Edgar A. Perkins, Sr.,

"William A. Faust,

"Members.

"Believing that the evidence discloses that the plaintiff herein was a casual laborer and that at the time he was injured he was not engaged in the usual course of the trade, business, occupation or profession of the employer, I do not concur in the above finding but do concur in the order that plaintiff should take nothing by his complaint herein.

"Earl Heffner,

"Member.

"I do not concur in the above finding and order but find that the plaintiff suffered an injury as the result of an accident arising out of and in the course of his employment; that the employment was neither agricultural nor casual in its character but was such as to bring it within the provisions of the Workmen's Compensation Law, and that plaintiff should be awarded compensation at the rate of $8.80 per week for sixty weeks beginning on September 10, 1935.

"Ira M. Snouffer,

"Member."

The appellant has appealed from this award, assigning as error that it is contrary to law, which assignment

is sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts.

Appellant contends that the facts found by the Industrial Board are not sufficient to sustain the award, and, in support thereof, points out that the award denying appellant compensation was predicated upon the finding that appellant was engaged in agricultural employment at the time he received the injuries for which he seeks compensation; that in truth and in fact a majority of the members of the full board did not concur in such finding, nor did a majority of the members of the full board concur in the finding that appellant's employment was casual and not in the usual course of the trade, business, occupation or profession of appellee; and that inasmuch as a majority of the members of the full board failed to concur in a finding on either of the statutory exceptions pleaded by appellee in his special paragraphs of answer, it, in effect, amounted to no finding and is equivalent to a finding against the appellee on those issues.

This contention, we think, is well taken. The board is, by the statute, required to find the facts upon which it bases an award. Section 40-1511 Burns 1933, §16436 Baldwin's 1934, provides: "If an application for review is made to the board . . . the full board . . . shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives and witnesses as soon as practicable and shall make an award and file the same with the finding of the facts on which it is based and send a copy thereof to each of the parties in dispute, . . ." See also *Muncie Foundry, etc., Co.* v. *Thompson* (1919), 70 Ind. App. 157, 123 N. E. 196.

In the instant case the board attempted to find as a

fact that appellant was engaged in agricultural employment at the time when he received the injuries for which he seeks compensation and expressly stated in the body of the award that *the full board by a majority of its members* found such as a fact, but it affirmatively appears from the signatures of the members of the board affixed thereto that only two members concurred in the finding that appellant was an agricultural employee at the time in question. A third member expressly stated that he did not concur in this finding; that the evidence disclosed that appellant was a casual laborer, and that at the time he was injured he was not engaged in the usual course of the trade, business, occupation or profession of the employer; and that he therefore concurred in the order that appellant take nothing by his complaint. A fourth member expressly stated that he did not concur in the finding and award, but, to the contrary, had concluded that appellant was entitled to and should be awarded compensation.

From a fair construction of the finding and award in its entirety, we are compelled to conclude that only two members concurred in the finding "that at the time of plaintiff's accidental injury he was engaged in agricultural pursuits and was an agricultural employee," and that the order denying compensation was based upon this finding, together with the further additional finding by a third member to the effect that appellant was a casual laborer within the meaning of the compensation act.

Our compensation act, so far as is pertinent to the questions here involved, provides two exceptions wherein the act shall not apply. Section 40-1209 Burns 1933, §16385 Baldwin's 1934. "This act . . . shall not apply to casual laborers as defined in clause (b) of section 73, nor to farm or agricultural employees, . . . nor to the employers of such persons, unless such employers shall

give notice in the manner provided in section 3 of their election to be so bound."

The burden is on the employer to show that the employee is included in at least one of the statutory exceptions before the employee can be denied compensation by reason thereof. *Domer* v. *Castator* (1925), 82 Ind. App. 574, 146 N. E. 881. And the failure on the part of the Industrial Board to find that the claimant is within one of the statutory exceptions is equivalent to a finding against the employer on such fact. *National Biscuit Co.* v. *Roth* (1925), 83 Ind. App. 21, 146 N. E. 410.

Under our compensation act it is indispensable that a majority of the members of the full board, upon review, concur both in the finding of facts, which is necessary to sustain an award, and the order or award predicated thereon. An award of the full board based upon a finding concurred in by less than a majority of its members is insufficient to sustain the award. In the instant case it must therefore follow that the finding of facts on which the award is based is not sufficient to sustain the same.

In reaching this conclusion we have not been unmindful of the decision of this court in the case of *Feulner* v. *Ritter* (1936), 102 Ind. App. 404, 2 N. E. (2d) 812, which, in effect, held that three of the five members of the Industrial Board may sit as the full board to review an award of a single member. The Industrial Board, as presently constituted under our statute, consists of five members, and it is not necessary that all of the five members participate in a hearing before the full board, as long as there is a majority of the members of the full board participating and concurring in both the finding and award.

Appellee insists that the undisputed facts show that appellant was within the exceptions contained in section 40-1209 Burns (§16385 Baldwin's), *supra,* which exempts casual laborers and farm or agricultural employees from the benefits of the compensation act; that although there was a failure of a majority of the members of the full board to concur in the finding that appellant was within at least one of such statutory exceptions, there being no conflict in the evidence, this court should substitute its judgment for that of the board and affirm the award upon the theory that the merits of the cause have been fairly tried and a correct result reached.

In disposing of this contention we must remember that the burden of establishing facts necessary to the conclusion that appellant was within one of the statutory exceptions above referred to is upon the employer (appellee) ; that in establishing any one of such statutory exceptions it is generally a question of fact; and that the proof by which such burden is discharged must be based on something more than mere guess, conjecture, surmise, or possibility. Such proof, however, may be made by circumstantial as well as direct evidence. It is not only within the province of the Industrial Board, but it is their duty, to determine in the first instance the ultimate facts of the case. It may not only weigh the evidence but may also draw any reasonable inference from such facts as it deems established thereby. When the Industrial Board has discharged its duty in this regard and has reached a conclusion as to the ultimate facts which have or have not been established and has embodied such conclusion in a finding of facts, as the statute requires, this court must accept the facts so found as true, unless the evidence is of such a conclusive character as to force a contrary conclusion. In order to reach a contrary conclusion, however, we may not

weigh the evidence, nor may we disregard any reasonable inferences which the Industrial Board may have drawn from the facts which the evidence tends to establish. These rules are so well established by the authorities of this state that no citations are necessary.

As we view the evidence in the instant case, applying the above well-established rules, we cannot say that the evidence is of such a conclusive character as to require us to hold that appellant was within one of the statutory exceptions denying him the benefits of our compensation act.

No good purpose would be served in setting out a resumé of the evidence in this opinion. We see no valid reason why the Industrial Board should not, in the first instance, determine the ultimate facts in the case.

In view of the conclusion we have thus reached, it is obvious that the award is to be reversed. The most difficult question presented is what the mandate of this court should be. This is the second appeal. The records in both appeals disclose that the Industrial Board found all of the essential and material facts which would entitle appellant to compensation in the absence of a sufficient finding based upon either of the special paragraphs of answer. The record in the first appeal (*Allison* v. *Wilhite* [1937], 103 Ind. App. 270, 7 N. E. [2d] 58) disclosed that compensation was denied by reason of the finding that appellant's employment at the time of the injury was casual. The award was reversed because the finding was incomplete in failing to contain the necessary concomitant fact, to wit: that appellant's employment was "not in the usual course of the trade, business, occupation or profession of the employer [appellee]," and in this appeal appellant was denied compensation by the board because of an attempted finding that he was an agricultural employee.

In view of the record in the former appeal and the record in the instant case, we feel that the ends of justice would be better served in permitting the full board the further opportunity of reviewing the evidence and determining, in the first instance, whether the appellant's employment at the time of the injury was casual and not in the usual course of the trade, business, occupation or profession of the employer (appellee), or whether appellant at the time of his injury was a farm or agricultural employee within the meaning of the compensation act, and upon failure of a majority of the full board to concur in a finding that appellant is within at least one of the statutory exceptions excluding him from the benefits of the act, an award of compensation should be made.

Award reversed, with instructions for further proceedings not inconsistent with this opinion.