SWITOW THEATRICAL COMPANY v. HUMPHREY.

[No. 17,004. Filed October 20, 1942.]

222

*Slaymaker, Merrell & Locke, Clarence F. Merrell,* and *Herbert C. Krauch,* all of Indianapolis, for appellant.

*Oscar F. Smith,* of Indianapolis, for appellee.

BLESSING, J.—On the 12th day of July, 1939, appellee, Walter Humphrey, while employed as a painter by the Switow Theatrical Company, fell approximately 12 feet to the sidewalk, injuring both feet and sustaining a fracture about the ankle joint of the left leg.

On September 30, 1940, there was filed with the Industrial Board of Indiana a stipulation and agreement, together with the Standard Form for Final Compensation Settlement Agreement Receipt and Standard Form for Agreement as to Compensation. The stipulation and agreement filed on said date, except for the signatures of claimant and employer, is as follows:

"This stipulation and agreement made and entered into this _____ day of September, 1940, by and between WALTER HUMPHREY, employee, and SWITOW THEATRICAL COMPANY, INCORPORATED, employer, relates to final settlement of a compensation claim, arising out of an accident which occurred July 12th, 1939, at Salem, Indiana.

"WITNESSETH:

"In consideration of the payment of the total sum of Three Hundred and Thirty ($330.00) Dollars,

of which amount One Hundred and Fifty-four ($154.00) Dollars has already been paid, receipt is hereby acknowledge for the additional sum of One Hundred and Seventy-six ($176.00) Dollars, all of which represents payment for permanent disability resulting from the above accident.

"It is mutually agreed and understood by and between the parties that the aforementioned settlement is based on permanent disability to the man as a whole, same being rated at six per cent, which in accordance with the Compensation Act of the State of Indiana entitles employee to thirty (30) weeks compensation at the rate of fifty-five (55%) per cent of his average weekly earnings, or Eleven ($11.00) Dollars per week, totalling the aforesaid figure of Three Hundred and Thirty ($330.00) Dollars.

"It is further understood and agreed that in accordance with the Compensation Act of the State of Indiana the employer is entitled to credit for the compensation already paid, said sum being One Hundred and Fifty-four ($154.00) Dollars, leaving a balance of One Hundred and Seventy-six ($176.00) Dollars paid in full this date.

"In consideration of the above, WALTER HUMPHREY does hereby release and forever discharge SWITOW THEATRICAL COMPANY, INCORPORATED, from any and all claims of any nature whatsoever arising out of the above-described accident, and does hereby state that any other disability present has no connection with said accident and was pre-existing in nature."

On the same date there was filed with the Industrial Board the Standard Form for Compensation Settlement Receipt, the pertinent part of which is as follows:

"Received of Switow Theatrical Co. Inc. the sum of One Hundred and Seventy-six Dollars and No Cents ($176.00) making in all, with weekly payments already received by me, the total sum of Three Hundred and Thirty Dollars and No Cents ($330.00) of which amount $176.00 was paid for permanent disability, in accordance with stipulation attached, in final settlement and satisfaction

of all claims for compensation due under Compensation Agreement or Award subject to review as provided by Law, on account of injuries suffered by Walter Humphrey on or about the 12th day of July 1939 while in the employ of Switow Theatrical Co. Inc. Temporary Disability ceased on the 25th day of October, 1939. I returned to work on the 26th day of October 1939 at a wage of $20.00 per week."

The Standard Form for Final Compensation Settlement Receipt also contained this language:

"The terms of this agreement under the above facts are as follows: That the said Walter Humphrey shall receive compensation at the rate of $11.00 per week based upon an average weekly wage of $13.00 and that said compensation shall be payable (see stipulation attached) from and including the 31st day of July month 1939 until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Indiana."

The compensation settlement was approved by the Industrial Board on the 3rd day of October, 1940. On the 6th day of May, 1941, the appellant filed Form No. 14, which is an application for the review of an award on account of a change of conditions. This application contained numerous allegations with reference to change of conditions, but upon the hearing before a single member of the board said application was amended by permission of the hearing member to strike all allegations except the allegation, "That said injury has resulted in a permanent partial impairment." The hearing member found in favor of the appellee, and among other findings, pertinent to this decision, found that appellee, as a result of the injuries sustained on July 12, 1939, has a permanent partial impairment to the man as a whole of

40 per cent. There was no finding by the single member of the board as to whether this permanent partial impairment was resultant or coincidental and simultaneous with the injury which the applicant suffered on July 12, 1939.

An award by the single member was entered on the above finding, and subsequently thereto the appellant filed its application for a review by the full board on the ground that said award is not sustained by sufficient evidence and that said award is contrary to law. On the date of the hearing before the full board, the applicant for compensation asked leave to amend his Form 14, alleging that the permanent partial impairment, of which the applicant was complaining, occurred simultaneously and coincidentally with the injuries of July 12, 1939. This amendment was allowed by the board; and upon review, the board found for the appellee, and among other findings, found that plaintiff's disability commenced July 12, 1939, and that he was totally disabled until October 26, 1939, at which time his total disability ended. The full board also found that applicant has a permanent partial impairment to the man as a whole of 40 per cent due to said injuries that he received on July 12, 1939, while in the employ of defendant, and that said permanent partial impairment occurred simultaneously and coincidentally with said injury.

On this finding the board made an award in favor of appellee, and it is from this award that this appeal is prosecuted. The error relied upon is that the award of the full Industrial Board is contrary to law and that the evidence is insufficient to sustain the award.

Appellant first contends that inasmuch as the hearing and trial were on appellee's Form 14, being an applica-

tion for review of an award on account of a change of conditions, there could be no award of compensation in the absence of a finding that there had been a change of conditions. The application filed by appellee may be said to be technically an application for review on account of change of conditions. However, the amendment of the application for review, and upon which the single member of the board tried the case, was "that said injury has resulted in permanent partial impairment." This allegation was sufficient to admit proof of an impairment on account of changed conditions or of an impairment that was concurrent, coincidental and simultaneous with said accidental injuries. The necessity for a finding that the impairment is the result of changed conditions or a finding that the impairment was coincidental and simultaneous with the injuries is essential only when a jurisdictional question is involved. *Ben Wolf Truck Line* v. *Bailey* (1939), 107 Ind. App. 52, 22 N. E. (2d) 887.

In the instant case upon the amended application of the claimant the full board found that the permanent partial impairment was concurrent, coincidental and simultaneous with said accidental injury.

Both the pleading and finding disclose that the full board tried the case as an original action, and such theory will be adhered to on appeal. *Briggs Indiana Corp.* v. *Davis* (1939), 107 Ind. App. 177, 23 N. E. (2d) 285. The fact that the original application was filed upon Form 14 is not controlling as to the theory of the case. *Briggs Indiana Corp.* v. *Davis, supra.* The Industrial Board having found that the permanent partial impairment occurred simultaneously and coincidentally with the injury, and the application of appellee having been filed on the 6th day of May, 1941, and within two years from the date of the accident, the Industrial Board

had jurisdiction to hear and determine the case as an original action. *Pettiford* v. *United Dept. Stores* (1935), 100 Ind. App. 471, 196 N. E. 342.

The question remaining for our consideration is whether the finding of the Industrial Board, that the permanent partial impairment suffered by appellee occurred simultaneously and coincidentally with his injury, is supported by the evidence.

The Industrial Board is a fact finding body, and if the facts established, together with all reasonable inferences to be drawn therefrom, support a finding by the board, we are not authorized to disturb the finding by weighing the evidence. *Cunya* v. *Vance* (1935), 100 Ind. App. 687, 197 N. E. 737; *Kunkler* v. *Mauck* (1940), 108 Ind. App. 98, 27 N. E. (2d) 97. Following this principle, on the question here involved, we can only look to the evidence most favorable to the appellee.

It would unduly extend this opinion to go into a detailed analysis of the evidence, but upon careful examination of the record we are of the opinion that there was evidence from which the board could find that the injury to the employee's feet and ankles was such that there was set in motion an impairment which became progressively worse.

A physician testifying for the appellant admitted that there was a permanent partial impairment of the ankle joint by reason of the fracture of the left ankle having extended into the cavity. He fixed the permanent partial impairment at 10 per cent, while one of the doctors testifying for claimant, who included additional items causing impairment, fixed the percentage of impairment at 40 per cent to the man as a whole.

Other than the impairment to the ankle joint by reason of the fracture extending into the cavity, the

case made by appellee with respect to the impairment being coincidental is weak, but we are unable to say as a matter of law that the impairment and the percentage thereof as found by the board was not coincidental and the immediate and direct result of the injury suffered by appellee on the 12th day of July, 1939.

Award affirmed.

NOTE.—Reported in 44 N. E. (2d) 213.