BICKNELL COAL COMPANY *v.* SLATER.

[No. 17,134. Filed October 12, 1943. Rehearing denied November 4, 1943.]

*Hays & Hays,* of Sullivan, for appellant.

*Floyd L. Young,* of Vincennes, for appellee.

ROYSE, C. J.—Appellee was awarded compensation by the full Industrial Board of Indiana for permanent partial impairment of 35% of the left leg below the knee alleged to have resulted from personal injuries received by him April 30, 1941, by reason of an accident arising out of and in the course of his employment. From this award appellant appeals to this court, contending that said permanent partial impairment sustained by appellee did not occur simultaneously with the accident on April 30, 1941, and the award is contrary to law and should therefore be reversed.

The record discloses the following undisputed facts: That appellee received a compensable injury on April 30, 1941, from an accident arising out of and in the course of his employment. On May 7, 1941, the usual Form 12 compensation agreement was entered into by appellant and appellee and approved by the Industrial Board for total disability period, under which appellee was paid compensation in the amount of $487.93 for 215 days of total disability ending November 29, 1941. On December 9, 1941, appellee executed his Form 28, receipt of employee in final settlement of compensation. Thereafter, appellant and appellee disagreed on the question of whether the appellee had sustained any permanent partial impairment as a result of said injury, and following said disagreement appellee, on December 1, 1942, filed his Form 14, application for review of the board's award on account of change in condition on the ground "That said injury has resulted in a permanent partial impairment, which occurred simultaneously with the accident April 30, 1941." Appellant filed its special answer setting up the one-year statute of limitations. Appellee, on January 13, 1943, filed reply in four paragraphs, the first being in general denial; the second alleging the original award fixed no date

for the termination of the compensation period, but stated as the time, "during total disability"; the third alleging that the receipt showing payment of compensation filed with the Industrial Board did not show any approval by the board, and the fourth alleging that the actual date of ending of total disability was December 1, 1941, and that appellee's application was filed within a year from date his total disability actually ceased.

Trial was had before a single member and review before the full Industrial Board, the full board finding, among other things, that appellee had sustained a permanent partial impairment of 35% of the left leg below the knee; "the complaint was filed more than one year after the compensation period ended," but "that said permanent partial impairment occurred simultaneously with the accident on April 30, 1941." The award was in accordance with the finding.

Appellant contends the evidence shows conclusively that the permanent partial impairment appellee sustained did not occur simultaneously with the accident April 30, 1941, it being a case of developmental and resultant permanent partial impairment to which the one-year statute of limitations of § 45 of the Workmen's Compensation Act is applicable, whereas appellee's position is that the permanent partial impairment is shown by the evidence to have occurred simultaneously with the accident, April 30, 1941, and that the two-year statute of limitations of § 24 of the act applies.

If the permanent impairment existed from the date of injury, the two-year statute of limitations under § 24 (§ 40-1224, Burns' 1940 Replacement, § 16400, Baldwin's 1934), applies. *Sewell* v. *Terre Haute Brewing Company* (1936), 102 Ind. App. 373, 200 N. E. 734; *Fashion Thimble Shoe Company* v. *Withrow* (1942),

110 Ind. App. 668, 40 N. E. (2d) 359; *Switow Theatrical Company* v. *Humphrey* (1942), 112 Ind. App. 221, 44 N. E. (2d) 213.

Appellee testified he had a partial impairment of his left leg since the date of the injury, and there was competent medical testimony that the partial impairment was caused by the accident of April 30, 1941.

There was sufficient evidence to sustain the award of the full Industrial Board. Therefore, the award is affirmed with the usual penalty.

NOTE.—Reported in 50 N. E. (2d) 881.