CARNEGIE-ILLINOIS STEEL CORPORATION *v.* KLAHN.

[No. 17,339.   Filed April 9, 1945.]

*Knapp, Cushing, Hershberger* and *Stevenson* (*Harlan L. Hackbert,* of council), all of Chicago, and *White, Wright & Boleman,* of Indianapolis, for appellant.

*B. A. Lucas,* of Gary, and *Jesse W. Gammon,* of Indianapolis, for appellee.

DRAPER, C. J.—The appellee was accidentally injured on November 16, 1940, while about his employment with appellant. His application for compensation was filed on August 21, 1943, and finally resulted in a finding by a majority of the full board that he had sustained a 20 per cent permanent partial impairment of the whole man, and he was accordingly awarded compensation for 100 weeks. Among other things the board found "that the plaintiff's condition did not become permanent until January 5, 1942, and at that time it became permanent."

The question presented is whether appellee's claim was timely filed. The statute provides that the right to compensation under the act shall be forever barred unless a claim therefor is filed within two years after the injury. § 40-1224, Burns' 1933, § 16400, Baldwin's 1934.

The appellant contends the permanent impairment, if any there was, existed from the date of the accident. If that be true, the application was filed too late and the award must be reversed. *Bicknell Coal Company* v. *Slater* (1943), 114 Ind. App. 141, 50 N. E. (2d) 881.

Considering only the evidence favorable to the appellee, it discloses he was injured on November 16, 1940, by being struck in the back by a falling metal washer weighing about 175 pounds. During the first eight weeks thereafter his back pained him and although he put in his time and drew his wages, he did no work. During that time three hematomas developed and were aspirated and he also received electric and heat treatments. At the end of eight weeks he was assigned to work involving manual labor but he was stiff and sore and couldn't bend and suffered such pain that he couldn't perform the work and was unable to continue. He was then assigned to, and has since been performing, very light work. Ever since the accident he has had the same pain when he tried to do any heavy work and has had the same trouble in walking. Generally speaking, he was better at the time of trial than immediately after the accident.

His doctor who examined him on January 5, 1943, found he had pain in the sacroiliac joint. He testified that appellee's condition resulted from an inflammation of the sacroiliac joint, which inflammation, in his opinion, resulted from the accident and infection which followed. He further testified he did not know whether the inflammatory condition commenced at the time of the accident or shortly thereafter. The X-ray pictures disclosed no evidence of fracture or dislocation.

This evidence all tends to show that appellee's per-

manent partial impairment existed continuously from the date of the accident. To the extent that his condition changed from the date of the accident to the date of the hearing, it changed somewhat for the better. The accident was not one which at first seemed unimportant but which nevertheless later developed into a compensable permanent impairment. It seems apparent that the board undertook to bring this case within the holding of this court in the case of *Muehlhausen Spring Co.* v. *Szewczyk* (1937), 104 Ind. App. 161, 8 N. E. (2d) 104, but we can find no evidence tending to bring it within the rule in that case, nor any serving to in any way distinguish January 5, 1942, from any other date falling after the date of the accident.

The finding and award is not sustained by the evidence and is therefore reversed.

NOTE.—Reported in 60 N. E. (2d) 296.