## MILLS v. PRINCETON MINING COMPANY.

[No. 19,671. Filed June 20, 1962.]

*Samuel E. Dillin,* of Petersburg, for appellant.

*James V. Donadio, R. Stanley Lawton* and *Ross, McCord, Ice and Miller,* of counsel, of Indianapolis, for appellee.

COOPER, P. J.—The appellant herein, Russell H. Mills, made a claim for compensation under the Occupational Disease Act, alleging that his disablement was due to pneumoconiosis and/or anthracosis with resulting fibrosis of the lungs, and, as a result thereof, was totally disabled.

The record reveals after hearing, the Full Board, by a majority of its members, entered its findings

and made an award in favor of the appellee herein. The pertinent part of said findings are as follows:

> "That on the 18th day of February, 1957, and for some time prior thereto, plaintiff was in the employ of defendant at an average weekly wage in excess of $60.00.

> "It is further found that during said period of employment the plaintiff was neither exposed to, nor did he contract an occupational disease;

> "That any lung affliction which the plaintiff may have at this time is due to causes wholly unrelated to his employment with the defendant herein."

Thereafter, the Industrial Board denied compensation and its award is to that effect.

We are asked to reverse said award because, "The award of the Full Industrial Board of Indiana is contrary to law."

It has been well stated, in substance, that any decision or verdict is contrary to law if any statute, constitutional provision, legal principle or rule of substantive or procedural law has been violated. See *Pub. Ser. Comm. of Ind.* v. *C., I. and L. Railway Co.* (1956) 235 Ind. 394, 399, 132 N. E. 2d 698, 134 N. E. 2d 53. The foregoing rule also applies to judicial reviews from administrative boards.

In considering the proposition advanced by the appellant herein, we must keep in mind that the burden rested upon the appellant to convince the Industrial Board by evidence having probative value that his disablement was due to pneumoconiosis and/or anthracosis, and that such disablement was a consequence of his employment with the appellee.

It is apparent from the finding and award of the said Industrial Board of Indiana that the appellant obviously failed to convince said Board, and, under such circumstances, before we can reverse the award on the evidence, it must appear that such evidence is all one way and so conclusive in character as to force a conclusion in the minds of reasonable men contrary to that reached by the Industrial Board. *Woldridge* v. *Ball Brothers Co., Inc.* (1958) (T. D. 1959) 129 Ind. App. 420, 423, 150 N. E. 2d 911; *Russell* v. *Auburn Cent. Mfg. Co.* (1939) 107 Ind. App. 17, 22 N. E. 2d 889.

In reviewing the evidence in the record now before us it is apparent that the uncontradicted evidence before the Board was that the appellant had worked in the deep coal mines of Indiana for many years and that for approximately nine years and seven months, the appellant was employed in the appellee's mine as the mining employment situation permitted until February 18, 1957, at which time he was forced to discontinue such employment because of his physical condition; that during practically all of his employment with the appellee mine he worked as a loading machine operator, loading coal into cars for removal from the mine; that the appellee's mine was known as the "Dusty" Mine and there was no sprinkler system at the time of appellant's employment to control or settle the rock dust, slate dust, coal dust and pulverized sand dust with which he came into contact in the course of his employment.

In reviewing the medical testimony in the record now before us, we find that all of the doctors testifying in said cause agree that the appellant is suffering from pulmonary emphysema; therefore, the question before the Industrial Board was whether or not the

emphysema is an occupational disease within the definition found in §6 of the Indiana Workmen's Occupational Disease Act, the same being §40-2206, Burns'. It appears that there is a great conflict in the medical testimony as to whether or not the emphysema is an occupational disease. The pertinent parts of said conflicting testimony by the medical authorities are as follow:

Doctor Milton H. Omstead testified in substance:

"Q. And what is that condition and your opinion?

"A. Emphysema and fibrosis.

"Q. And do you have an opinion as to the cause of this emphysema and fibrosis?

"A. Yes, I think it is due to the inhalation of irritating dusts of his occupation as a miner."

Doctor M. M. McDowell testified in substance:

"Q. Now, Doctor, after you had made the physical examination of Mr. Mills, taken his history and taken, examined and interpreted your x-ray pictures of him, I will ask you whether or not you arrived at an opinion as to what his difficulty was?

"A. It was my opinion that he had emphysema and pulmonary fibrosis and probably from the nodules and history of the case I obtained he was suffering from dust disease in the lungs due to his occupation."

Doctor Russell S. Henry testified in substance that the appellant had emphysema, as follows:

"Q. And is his disease in any way connected with his occupation? . . .

"A. Well, I see so much emphysema in people over forty-five years of age — . . . —

"A. —that it's very difficult for me to pin any one cause to emphysema, and therefore I have never been able to connect dust or irritation as a cause of emphysema. I don't know what causes it.

"Q. Considering the history that plaintiff gave you of his occupation and the disease that he has and the x-ray findings, what is your opinion as to whether his disease and his disablement is causally connected with his employment?

"A. I feel it did not have anything to do with it."

Doctor Charles E. Test testified, in substance, that appellant had a pulmonary emphysema and that such disease does not depend on any occupation, as follows:

"Q. In your opinion, Doctor, does the disease emphysema, which plaintiff has, depend on any occupation?

"A. No, sir.

"Q. In the case of the plaintiff you may tell the Board whether he is disabled.

"A. Yes, I think he is disabled.

"Q. And what is his disability due to?

"A. It is due to pulmonary emphysema.

"Q. And is his disease pulmonary emphysema in any way causally connected with his employment about which he gave you a history, that being of a coal miner? . . .

"A. I think not."

It therefore appears that those versed in the relevant sciences all agree that the appellant is suffering from pulmonary emphysema and that he is disabled; however, they are in conflict as to whether or not said disabling disease was, in fact, an occupational disease connected with or growing out of his employment as a coal miner.

The testimony of such medical experts is entitled to the careful consideration of the trier of the facts, and where, as in this cause, there is a negative award based on a finding against the claimant, we are unable to disturb such award, unless

all of the evidence is without conflict and leads inescapably to the sole conclusion that the appellant was entitled to an affirmative award. *Wright* v. *Peabody Coal Co.* (1948) 225 Ind. 679, 77 N. E. 2d 116.

In a judicial review, in a case such as is now before us, the statute provides that an award of the Full Industrial Board shall be conclusive and binding as to all questions of fact, and it is the general rule of law that if such competent evidence in favor of the findings upon which such award is based can be found in the record, the award will be affirmed, even though all members of the Board did not participate in the determination. See *Allison* v. *Wilhite* (1938) 106 Ind. App. 16, 17 N. E. 2d 874.

Considering, as we must, only the evidence most favorable to the award, we are compelled to affirm the conclusion arrived at by the Industrial Board. However, had the Industrial Board made an award in favor of the appellant under the evidence in the record now before us, we would have been under a duty to have affirmed their action.

Award affirmed.

Ax, J., Myers, J., Ryan, J., concur.

NOTE.—Reported in 183 N. E. 2d 359.