NOE ET AL. *v.* FARGO INSULATION CO., INC.

[No. 20,228. Filed March 10, 1965. Rehearing denied April 23, 1965. Transfer denied June 16, 1966.]

*Thomas J. Corey* and *Frank E. Spencer*, of Indianapolis, for appellants.

*James V. Donadio, Geoffrey Segar,* and *Ice, Miller, Donadio & Ryan,* of Indianapolis, for appellee.

CARSON, J.—This is an appeal from an award by the Industrial Board entered against the appellants under the provisions of the Indiana Workmen's Compensation Act. The appellants are the wife and minor children of the decedent employee of the Fargo Insulation Company.

The issues were formed by the appellants' form 10 application which set out the necessary allegations of dependency, the fact of employment, the type of work of the employee, the method of compensation of the employee by the defendant, the circumstances surrounding the death of the employee and the contention that the death arose out of and in the course of employment.

The hearing member denied recovery to the applicants and the record shows that the form 16 was timely filed asking for a review by the full board. The award shows that five members of the board, which then consisted of six members, made the purported award of the full board against the plaintiffs below from which award this appeal is taken.

The appellants here contend that the award is contrary to law thereby presenting all questions necessary for review by this Court and in support of such position argue two points: first, that the award was not in fact the award of the full board and second, that the board's findings that the accidental injury was not the cause of the deceased employee's death is a finding that is contrary to law. We shall dispose of these arguments in the order presented by the appellants.

The first proposition of the appellant is predicated upon the Acts of 1937, Ch. 69, § 20, as amended and as found in § 40-2220, Burn's 1952 Replacement, 1964 Supplement, paragraph d, e and f. Appellants contend that since the chairman of the board did not participate they did not have a review by the full board. It should be pointed out that appellants do not contend that all the members of the board must agree on the award.

As to the question of whether or not less than all the members constitute a full board for the purpose of such review attention is invited to the language of section 12.5 of The Workmen's Compensation Law of Indiana by Ben F. Small and the cases therein cited and particularly to the most recent case on this subject being *Mills* v. *Princeton Mining Co.* (1962), 133 Ind. App. 486, 183 N. E. 2d 359; See also *Allison* v. *Wilhite* (1938), 106 Ind. App. 16, 22, 17 N. E. 2d 874; *Feulner* v. *Ritter* (1936), 102 Ind. App. 404, 2 N. E. 2d 812. We do not at this time feel that the law as set out in those cases is inconsistent and the same is approved.

The next contention of the appellant is to the effect that the award of the board was contrary to law with respect to the proposition that the accident did not arise out of and in the course of the employment of the deceased employee. We have examined the evidence, and we invoke the rule, many times announced by this Court, that we will not weigh the evidence and that under the assignment before us will not disturb the finding of the board unless when considering the evidence most favorable to the appellee and all reasonable inferences arising therefrom reasonable minded men would have arrived at a contrary decision.

The question which we are called upon to determine is: Does this evidence or the reasonable inferences which may be drawn therefrom sustain the finding of the Industrial Board that the appellant was not acting within the scope of his employment at the time he was killed. This Court has experienced greater difficulty in applying a rule to a given state

of facts than in enunciating a rule. In the case of *Marion Shoe Co.* v. *Eppley* (1914), 181 Ind. 219, 224, 104 N. E. 65, the Court said:

"The real test is, Was appellee, at the time he sustained his injury, under the power and control of appellant and subject to its orders and directions in the doing of the work at hand?"

In the case *Switow Theatrical Company* v. *Humphrey* (1942), 112 Ind. App. 221, 228, 44 N. E. 2d 213, the Court said:

"The Industrial Board is a fact finding body, and if the facts established, together with all reasonable inferences to be drawn therefrom, support a finding by the board, we are not authorized to disturb the finding by weighing the evidence. *Cunya* v. *Vance* (1935), 100 Ind. App. 687, 197 N. E. 737; *Kunkler* v. *Mauck* (1940), 108 Ind. App. 98, 27 N. E. 2d 97.

Following this principle, on the question here involved, we can only look to the evidence most favorable to the appellee."

The appellants rely on the case of *Indiana Toll Road Commission* v. *Bartusch,* 135 Ind. App. 123, 184 N. E. 2d 34. We think that the facts in that case distinguish it from the case before us. In the Toll Road case the employee was on a specific errand at the direction of his employer. The facts in that case show that the appellee was required to wear a particular type of clothing; that he was instructed by the appellant to go to the appellant's maintenance building on his day off to be fitted for and procure a winter uniform; that it was arranged that the appellee was to have free passage on appellant's toll road to carry out the instructions of the appellant, that on the way back from carrying out said instructions appellee was injured. We agree with the general rule of law that if the employee, even though injured on his way home, was engaged in the performance of

a duty incidental to the nature of his employment and at the direction of his employer, he was acting within the scope of his employment. The facts in the Indiana Toll Road case distinguish it from the case before us.

The evidence in this case shows that on August 17, 1963, Danny Noe was working for Fargo Insulation Inc., that when his work took him out of the city of Indianapolis he was paid, for board, travel and carfare, a specified amount as stipulated and agreed in his union contract, of $7.50 a day. This sum varied according to the zone in which he worked, the zone being computed on the basis of distance from a radius around the Monument Circle.

The said amount in this case of $7.50 was paid whether he drove his car or rode with another, whether he stayed overnight, and regardless of the number of miles traveled. No special allowance was paid for travel from home to work. On the date decedent received his fatal injuries August 17, 1963, Mr. Noe drove from his home at Fortville to 21st and Arlington, Indianapolis, there he parked his automobile. Then he rode to Bloomington with Mr. Richard Sheets in Sheets' automobile. He did not transfer the tools in his (Noe's) car to Sheets car. At 5:00 o'clock that evening Noe and Sheets and two other men left work in Bloomington, Sheets drove. They stopped for a sandwich and a beer. At 21st and Arlington, Noe left Sheets' car and got into his own automobile and drove on towards his home. The accident occurred one and one-half miles from Fortville on Highway 67. On the above facts the Industrial Board found that the injury and death of appellants' decedent was not within the scope of his employment.

In reviewing the facts in this case and applying the tests in *Marion Shoe Co.* v. *Eppley, supra,* and *Switow Theatrical Company* v. *Humphrey, supra,* we are of the opinion that the finding and award of the Industrial Board should not be disturbed.

Finding and award affirmed.

Martin and Prime, JJ., concur. Faulconer, C. J., concurs in result.

NOTE.—Reported in 204 N. E. 2d 883.