APPELLANT PRO SE
Kevin S. Varner
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Elizabeth Rogers
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
Mar 10 2010, 1:55 pm
CLERK
of the supreme court,
court of appeals and
tax court

No. 45S04-0909-CR-407

KEVIN S. VARNER,

*Appellant (Petitioner below)*,

v.

INDIANA PAROLE BOARD,

*Appellee (Respondent below)*.

Appeal from the Lake Superior Court, No. 45G02-9006-CF-109
The Honorable Clarence Murray, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 45A04-0812-CR-693

**March 10, 2010**

**Sullivan, Justice.**

When the five-member Parole Board denied an inmate parole by a vote in which only four members participated, the inmate sought to compel a vote by all five members. The statute governing final decisions by the Parole Board requires the "full parole board" to make the determination. We find that a majority of the Board constitutes the "full parole board" for this pur-

pose. As such, the inmate received a decision from the board that accorded with the statute's requirements.

## Background

On October 9, 2008, four out of the five members of the Indiana Parole Board conducted a hearing to determine whether inmate Kevin Varner should be paroled. Two members of the Board voted for parole, and two members voted against it. The fifth member neither participated in the hearing nor cast a vote; the Board based its final decision on the votes of four Board members. Because Varner did not receive a majority vote in favor of his parole release, he requested a rehearing at which the absent fifth member could cast his vote. The Board, however, did not respond to Varner's request.

Varner filed a pro se mandate action seeking to compel the Board to determine his parole eligibility based on a five-member vote. The trial court denied his petition, citing lack of subject matter jurisdiction. Varner appealed. The Court of Appeals found subject matter jurisdiction over Varner's writ of mandamus. Varner v. Ind. Parole Bd., 905 N.E.2d 493, 498 (Ind. Ct. App. 2009). On the merits of the claim, the Court of Appeals held that the Board was statutorily obligated to determine Varner's parole eligibility by a five-member vote. Id. at 504.

The Board sought, and we granted, transfer. Ind. Appellate Rule 58(A).[1]

---

[1] The Court of Appeals resolved the issue of subject matter jurisdiction in favor of Varner. Varner, 905 N.E.2d at 498. We summarily affirm the decision of the Court of Appeals as to this issue. App. R. 58(A)(2).

**Discussion**

Varner contends that the use of "full parole board" in Indiana Code section 11-13-3-3(b) means that all five members of the Board must participate in the decision whether to grant or deny parole. The State, on the other hand, maintains that requiring the participation of all five Board members imposes a duty on the Board that is not required by Indiana Code section 11-13-3-3(b).

The first step in interpreting a statute is to determine whether the Legislature has spoken unambiguously on the question. City of Carmel v. Steele, 865 N.E.2d 612, 618 (Ind. 2007). The primary purpose of statutory construction is to give effect to the Legislature's intent. State v. Oddi-Smith, 878 N.E.2d 1245, 1248 (Ind. 2008). We construe statutes only where there is some ambiguity which requires construction. State v. Am. Family Voices, Inc., 898 N.E.2d 293, 297 (Ind. 2008). A statute is ambiguous when it is susceptible to more than one interpretation. Elmer Buchta Trucking, Inc. v. Stanley, 744 N.E.2d 939, 942 (Ind. 2001).

The Indiana Parole Board consists of five members appointed by the governor. Ind. Code § 11-9-1-1(a). The Board is charged with making decisions on parole release and revocations of parole. I.C. § 11-9-1-2(a)(2). Indiana Code section 11-13-3-3(b) states in relevant part that a parole eligibility hearing:

> [S]hall be conducted by one (1) or more of the parole board members. If one (1) or more of the members conduct the hearing on behalf of the parole board, the final decision shall be rendered by the full parole board based upon the record of the proceeding and the hearing conductor's findings.

The phrase "full parole board" is not defined in the code. The Court of Appeals construed it to mean all five members of the Board. This led the Court of Appeals to conclude that the Board was statutorily obligated to determine Varner's parole eligibility by a full, five-member vote. Varner, 905 N.E.2d at 503. We take a different view than our colleagues.

3

We believe that "full parole board" in Indiana Code section 11-13-3-3(b) requires that the Board's final decision on an inmate's parole eligibility be rendered by a majority of the Board, not necessarily each of the five Board members.

We reach this conclusion for several reasons. First, reading the statute in this way comports with the Legislature's rules of statutory construction.[2] The Legislature has specified that "Words importing joint authority to three (3) or more persons shall be construed as authority to a majority of the persons, unless otherwise declared in the statute giving authority." I.C. § 1-1-4-1(2). The Board has five members. Indiana Code section 11-9-1-2(a)(2) confers joint authority on a majority – three members – of the five member Board.

This reading is also supported by the Board's administrative rule, which requires a quorum of three members to render decisions and at least three members to vote in favor of parole. See 220 Ind. Admin. Code § 1.1-2-2(a)(3)-(4). An administrative board may not make rules and regulations inconsistent with the statute it is administering. Ind. Dep't of State Revenue v. Colpaert Realty Corp., 231 Ind. 463, 478-79, 109 N.E.2d 415, 422 (1952). This administrative rule is not inconsistent with Indiana Code section 11-13-3-3(b); we give deference to the interpretation of a statute by an administrative agency charged with the duty of enforcing it. Ind. Dep't of Revenue v. Kitchin Hospitality, LLC, 907 N.E.2d 997, 1002 (Ind. 2009).

In the worker's compensation context, our courts have repeatedly held that a decision by the "full board" does not necessitate that all five members participate in the hearing and final award as long as a majority of the board approve the finding and award. ACLS d/b/a Nations Transp. v. Bujaroski, 904 N.E.2d 1291, 1292 (Ind. Ct. App. 2009); Allison v. Wilhite, 106 Ind. App. 16, 20-22, 17 N.E.2d 874, 876-77 (1938); Feulner v. Ritter, 102 Ind. App. 404, 407, 2 N.E.2d 812, 813 (1936). Although these cases construe the worker's compensation statutes, we find them instructive.

---

[2] The Legislature has set forth general rules for construing statutes unless such construction would be plainly repugnant to the intent of the Legislature or of the context of the same statute. See I.C. § 1-1-4-1.

4

For example, in Feulner, the Appellate Court addressed whether less than five members of the Industrial Board could sit as the full board to review an award made by a single member. 102 Ind. App. at 405, 2 N.E.2d at 812. In holding that three of the five members could sit as the full board to review a compensation award, the Court found that the Legislature provided specific guidance for such situations in its rules of statutory construction referenced above: joint authority to three or more persons shall be construed as authority to the majority, unless otherwise declared in the statute. Feulner, 102 Ind. App. at 407-08, 2 N.E.2d at 813.

In this case, invoking the principle that the court may consider the consequences of a particular construction where a statute is susceptible to more than one interpretation, Superior Constr. Co. v. Carr, 564 N.E.2d 281, 284 (Ind. 1990), we believe the interpretation by the Court of Appeals would limit the ability of the Board to discharge its duties to a degree well beyond that which we believe the Legislature intended. As the State points out, to require all Board members to vote on each parole decision would cause unnecessary delay in the grant of parole. Board members are absent from Board meetings for any number of reasons. A member could take sick leave, vacation leave, family medical leave, or even resign. Under the rule advanced by the Court of Appeals, the Board, which hears approximately 50 parole release hearings per month, would come to a standstill during the absence of one member. In furtherance of the proposition that courts should attempt to prevent hardship and advance public convenience when interpreting statutes, P.B. v. T.D., 561 N.E.2d 749, 750 (Ind. 1990), we disapprove of the conclusion reached by the Court of Appeals.

We hold that Indiana Code section 11-13-3-3(b) does not require the Board to determine parole eligibility by a five-member vote. The "full parole board" delineates a majority of the Board, which may consist of less than five members.

**Conclusion**

The opinion of the Court of Appeals is vacated except for that portion addressing subject matter jurisdiction.  App. R. 58(A)(2).  Varner's request for a writ of mandamus is denied; he received a determination by the full parole board.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.