**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**KENNETH W. GIBBS**
Pro Se

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KENNETH W. GIBBS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 52A04-1106-MI-378 |
| | ) | |
| INDIANA PAROLE BOARD, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE MIAMI CIRCUIT COURT
The Honorable Robert A. Spahr, Judge
Cause No. 52C01-1105-MI-145

**January 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Kenneth W. Gibbs, an inmate at Miami Correctional Facility, filed a pro se[1] action for mandate requiring the Indiana Parole Board (the Board) to determine his parole eligibility based on a vote of all five Board members. The trial court denied his petition upon its finding that Gibbs "failed to state a basis for which relief should be granted." *Appellant's Appendix* at 3. On appeal, Gibbs contends the trial court's ruling was erroneous because the relief he seeks, i.e., a vote by all five members of the Board to determine his parole eligibility, is mandated by Ind. Code Ann. § 11-13-3-3(b) (West, Westlaw through end of 2011 1st Regular Sess.).

We affirm.

On May 5, 2011, Gibbs filed a petition for mandate asking the Board to determine his parole eligibility. On April 12, three members of the Board conducted a hearing on Gibbs's petition and voted to deny his request for parole. The Board consists of five members, *see* Ind. Code Ann. § 11–9–1–1(a) (West, Westlaw through end of 2011 1st Regular Sess.), and is charged with making decisions on parole release and revocations of parole. *See* I.C. § 11–9–1–2(a)(2). I.C. § 11–13–3–3(b), states in relevant part that a parole eligibility hearing:

> [S]hall be conducted by one (1) or more of the parole board members. If one (1) or more of the members conduct the hearing on behalf of the parole board, the final decision shall be rendered by the full parole board based upon the record of the proceeding and the hearing conductor's findings.

In Gibbs's case, only three of the five members were present to consider and rule upon

---

[1]  We note that on the appellate brief and appendix Gibbs filed in conjunction with this appeal, he listed his name as the preparer of the brief and also provided what purports to be his attorney number. It is obvious from the format that the number provided, whatever its source or significance, is not a valid attorney number. Moreover, a quick check of the Indiana Roll of Attorneys confirms that Gibbs is not listed thereon. Although Gibbs is representing himself in this matter, this does not make him an attorney. We caution Gibbs that in

his petition. Gibbs contends that the use of "full parole board" in I.C. § 11-13-3-3(b) indicates that all five members of the Board must participate in the decision whether to grant or deny parole. Our Supreme Court has held otherwise, *viz.*: "We hold that Indiana Code section 11–13–3–3(b) does not require the Board to determine parole eligibility by a five-member vote. The 'full parole board' delineates a majority of the Board, which may consist of less than five members." *Varner v. Indiana Parole Bd.*, 922 N.E.2d 610, 613 (Ind. 2010). Because the three members of the Board who ruled upon Gibbs's petition constituted a majority, the requirements of I.C. § 11-13-3-3(b) were satisfied. *Varner v. Indiana Parole Bd.*, 922 N.E.2d 610.

Judgment affirmed.

RILEY, J., and MATHIAS, J., concur.

---

future pro se legal endeavors, he should avoid making the false representation or creating the false impression that he is an attorney.