**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 01 2013, 5:31 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**KENNETH W. GIBBS-EL**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELIZABETH ROGERS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KENNETH W. GIBBS-EL, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1303-PL-101 |
| | ) | |
| CHRISTOPHER E. MELOY, ET AL., | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable John F. Hanley, Judge
Cause No. 49D11-1207-PL-28820

October 1, 2013

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

The appellant-plaintiff Kenneth W. Gibbs-El appeals the trial court's grant of the appellees-defendants' Indiana Parole Board members including Christopher E. Meloy's (collectively referred to as the Parole Board) motion to dismiss his "civil plenary action suit for damages." Appellant's Br. p. 13-25. Gibbs-El sued the Parole Board and its members in their individual and official capacities. Gibbs-El alleged that his right to due process and equal protection were violated because only three of the five members of the Parole Board were present during his parole hearing and two of them voted against the grant of parole.

The trial court subsequently granted the Parole Board's motion to dismiss Gibbs-El's complaint under Trial Rule 12(B)(6), for failing to state a claim upon which relief can be granted. In the motion to dismiss, the Parole Board alleged, among other things, that the relevant statute does not require all five members of the Parole Board to vote on parole eligibility, that the Parole Board members are immune for their actions in denying Gibbs-El's parole, and that Gibbs-El's action is barred under the two-year statute of limitations.

We conclude that the relevant statute does not require all of the Parole Board members be present at the hearing. Rather, all that is required is a majority vote. We also note that Gibbs-El did not file his complaint in a timely fashion. Thus, we affirm the trial court's decision to grant the Parole Board's motion to dismiss.

FACTS

On October 2, 2009, the Parole Board conducted a hearing before three of its five members to vote on Gibbs-El's request for parole. Gibbs-El was not granted parole because two of the three members voted to deny his request.

On July 20, 2012, Gibbs-El filed a "plenary action suit for damages" pursuant to 42 U.S.C. section 1983 against the Parole Board and its members, claiming that the parole hearing that was conducted on October 2, 2009, resulted in "private injuries and violation of due process of law, violation of state and federal statute of violation of equal protection of the law, fraud, and dishonor." Appellant's App. p. 13-14. Gibbs-El also alleged that the parole hearing injured his "right to life, liberty, and pursuit of happiness." Id. Gibbs-El contended that his rights were violated because all five members of the Parole Board did not participate in the hearing.

On September 21, 2012, the Parole Board filed a motion to dismiss Gibbs-El's complaint pursuant to Trial Rule 12(B)(6), alleging that the statute upon which Gibbs-El relies, Indiana Code section 11-13-3-3(b), does not require a five-member Parole Board vote to determine parole eligibility. The Parole Board maintained that the statute only requires a "majority vote" and there is no requirement that a particular number of Parole Board members participate. Appellees' App. p. 1. The Parole Board also contended that the trial court should grant its motion to dismiss because Gibbs-El's allegations against the Parole Board concerned the hearing that was conducted on October 2, 2009, and

because Gibbs-El did not file his complaint until July 20, 2012, the action is barred under the two-year statute of limitations set forth in Indiana Code section 34-11-2-4.

The trial court granted the Parole Board's motion to dismiss Gibbs-El's complaint and he now appeals.

## I. Standard of Review

A motion to dismiss under Indiana Trial Rule 12(B)(6) tests the legal sufficiency of the claim. Hosler ex rel. Caterpillar, Inc., 710 N.E.2d 193, 196 (Ind. Ct. App. 1999). The complaint must be viewed in the light most favorable to the non-moving party with the issue being whether that complaint states any facts upon which the trial court could grant relief. Id. In determining whether any facts will support a claim, the court looks only at the complaint and the reasonable inferences to be drawn from it and may not rely on any evidence that is not in the record. Id. If a complaint states a set of facts which, even if true, would not support the relief requested, the case must be dismissed. Newman v. Deiter, 702 N.E.2d 1093, 1097 (Ind. Ct. App. 1998).

## II. Gibbs-El's Contentions

As noted above, Gibbs-El argues that his complaint should not have been dismissed because all five members of the Parole Board did not participate at the hearing on October 2, 2009. Thus, Gibbs-El maintains that the participation of only three of those members violated his due process and equal protection rights.

In addressing this contention, we first note that Indiana Code section 11-13-3-3(b) provides:

4

A person sentenced for an offense under laws other than IC 35-50 who is eligible for release on parole, or a person whose parole is revoked and is eligible for reinstatement on parole under rules adopted by the parole board shall, before the date of the person's parole eligibility, be granted a parole release hearing to determine whether parole will be granted or denied. The hearing shall be conducted by one (1) or more of the parole board members. If one (1) or more of the members conduct the hearing on behalf of the parole board, the final decision shall be rendered by the full parole board based upon the record of the proceeding and the hearing conductor's findings.

In interpreting this statute, our Supreme Court in Varner v. State concluded that the Parole Board had lawfully complied with this statute when a determination of a parolee's eligibility was made by three members of the Parole Board. 922 N.E.2d 610 (Ind. 2010). In Varner, four members of the Parole Board conducted a hearing with regard to an inmate's parole eligibility. Varner's parole was denied because a majority did not vote in favor of granting parole. Id. at 611. Varner subsequently filed a mandamus action, claiming that the Parole Board was obligated under Indiana Code section 11-13-3-3(b) to determine his parole eligibility by a five-member vote. Id. Varner based his argument on the phrase "full parole board," set forth in the statute, claiming that this language meant that all five members of the Parole Board must participate in the decision on whether to grant or deny parole. Id.

Our Supreme Court rejected Varner's contention and determined that "a 'full parole board' in Indiana Code section 11-13-3-3(b) requires that the Board's final decision on an inmate's parole eligibility be rendered by a majority of the Board, not necessarily each of the five Board members." Id. at 612. As a result, it was held that a

5

decision on an inmate's parole could be rendered by three of the five parole board members because that constituted a majority of the Parole Board. Id. at 612-13.

In light of our Supreme Court's interpretation of Indiana Code section 11-13-3-3(b) in Varner, Gibbs-El has failed to state a claim for relief because the Parole Board was in compliance with the statute when it conducted the parole hearing. Thus, the trial court properly granted the Parole Board's motion to dismiss Gibbs-El's complaint on this basis.

Finally, we note that Gibbs-El based his cause of action regarding the hearing that took place on October 2, 2009. Indiana Code section 34-11-2-4 states in part that "An action for: (1) injury to person or character . . . must be commenced within two . . . years after the cause of action accrues." Gibbs-El did not file his complaint until July 20, 2012, more than two years after his alleged injuries occurred. Thus, Gibbs-El's claims are barred, and the trial court properly dismissed the complaint on this basis, as well. See Parks v. Madison Cnty., 783 N.E.2d 711, 718 (Ind. Ct. App. 2002) (holding that the statute of limitations for claims brought under 42 U.S.C. section 1983 is the same as for personal injury actions).

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.